**Exhibit A: Historical Earnings and assets**

**EXHIBIT A: Historical Earnings and Assets**

Debtor's educational background includes:

- 07/03/1992-Academy Of Paris Brevet De Technicienne Superieure Informatique De Gestion

- 06/28/1989-Academy De Bordeaux Baccalaureat De L'enseignement Du Second Degre Mathematiques & Sciences De La Nature

-1995-1996- University Of Montreal Law School

Debtor works as a business consultant specializing in identifying locations for high-end restaurants and retailers around the world. She has generally earned approximately $400,000.00 per year with the exception of the year preceding the filing of this Chapter 11 case following a period of declined income due to temporary health issues. The Debtor is now again earning at rates comparable to previous years. As part of her consulting business, Debtor presently has an exclusive contract to place new locations for an international beauty and skin care company selling luxury brand products to high-end clientele.

The Debtor's primary asset is her homestead residence located at 6913 Valencia Drive, Fisher Island, Florida (the "Property") with a scheduled value of $12,000,000.00. Additionally, Debtor has scheduled household furniture, dishes and china, household electronics and clothing, shoes and accessories and jewelry, fixtures and art valued at $327,500.

Additionally, the equity in the Fisher Island homestead could support refinancing, which could be used in funding a plan if necessary.

Debtor sought relief under Chapter 11 in order to end years of litigation between multiple creditors in various disputes across the country, to bring all matters into a single forum, and to fashion a Plan of Reorganization which will resolve all disputes without needlessly sacrificing the Debtor's equity in her various assets. The Debtor intends to reorganize her debts and liabilities through a combination of:

(a) negotiating and/or litigating as may be necessary, resolutions with certain secured creditors, and unsecured creditors; and

(b) making distributions funded by her assets and income from her consulting work, or if necessary refinancing. To date, the Debtor's efforts have focused on settling with all her legitimate creditors, obtaining Stay relief from this Court in order to have the New York Court enforce her Confidential Settlement with Spencer, conferring with counsel to begin formulating the structure and terms of a proposed Plan, and expanding her consulting income for the eventual benefit of her estate and creditors.

Exhibit D below is a projection showing the feasibility of making the payments required under the plan, from projected net income of approximately $450,000.00 to $650,000.00 per year. Receipts of consulting income are not regular monthly payments, which is why payments range from quarterly to every six (6) months, or even less frequently, in the plan.

She sought relief under Chapter 11 in order to end years of litigation between multiple creditors in various disputes across the country by bringing all matters into a single forum, and to fashion a Plan of Reorganization that will resolve all disputes without needlessly sacrificing the Debtor's equity in her various assets.

The Debtor's primary asset is her homestead residence located at 6913 Valencia Drive, Fisher Island, Florida (the "Property") valued at $12 million.

Additionally debtor has scheduled household furniture, dishes and china, household electronics and clothing, shoes and accessories and jewelry, fixtures and art valued at $327,500.

In addition to the foregoing, Debtor's husband controls a corporation, Real Estate Holdings group, L.D.C. ("REHG") which owns a condominium in New York City in the Spencer Condominium, Unit 1A at 1 East 62nd Street, New York, New York 10065. REHG has committed to contribute funds from the proceeds of refinancing and ultimate sale of the condominium unit to Debtor's estate to fund the plan in order to assure the Debtor's successful reorganization and completion of the plan.