**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| In re: ) | Case No. 16-10389-AJC |
| ) | |
| LIZA HAZAN a/k/a ELIZABETH HAZAN, ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |

**DEBTOR'S EXPEDITED MOTION FOR CONTEMPT, SANCTIONS, DAMAGES, AND PUNITIVE DAMAGES AND INCORPORATED MEMORANDUM OF LAW**

Debtor Liza Hazan a/k/a Elizabeth Hazan moves this Court for an order holding NLG, LLC and its counsel, Juan Ramirez, Esq., in contempt of court for willful violation of this Court's Order Confirming Plan of Reorganization entered on June 12, 2018 [ECF 691] and the automatic stay imposed by 11 U.S.C. §362 and awarding sanctions, damages, punitive damages, costs, attorney's fees, and other relief, as follows:

1. On June 12, 2018, this Court entered its Order Confirming Plan of Reorganization (Confirmation Order). [ECF No. 691].

2. Paragraph 8 of the Confirmation Order contains an injunction prohibiting creditors whose claims were extinguished from pursuing such claims against the debtor:

> All creditors whose judgments are declared null and void (if any) are enjoined from commencing, continuing, or employing any action, process, or act to collect, recover, or offset any such debts as personal liability of the Debtor, or from property of the Debtor, whether or not discharge of such Debtor is waived.

3. Paragraph 9 of the Confirmation Order contains an injunction prohibiting all creditors from taking any action to collect any prepetition debt or to enforce any lien against the debtor's property based on a prepetition claim:

1

> All creditors are also enjoined from commencing, continuing, or employing any action, process, or act to collect, recover, or offset any debts, or enforce any liens against the Debtor on account of any debt that existed as of the Petition Date.

4. NLG filed a late proof of claim, which was later completely disallowed by this court in a November 1, 2017 order in Adversary Case No. 16-01439. [*See* Case No. 16-01439 ECF No. 238].

5. In the Adversary Case, this Court held a trial on July 13, 2017, and on November 1, 2017, entered a Final Judgment on Counts I, II and III in favor of Ms. Hazan. *Id*. It declared that NLG's claim against the debtor had been satisfied and that NLG had no further claim against the Debtor Liza Hazan a/k/a Elizabeth Hazan under the Note, Mortgage or any court order. *Id*. And this Court forever quieted the Debtor's title to her property as against all claims by NLG:

> NLG, LLC's judgment on the promissory note, the Scola Judgment, recorded at Book 26406, Page 3259-3260, CFN2008R0446831, also recorded at Book 26357 Pages 3948-3949 CFN20080361591, the Note and the Mortgage recorded at Book 25559 Pages 4266-4272 CFN2007R0410013, NLG, LLC's foreclosure Judgment entered in favor of NLG and against Elizabeth Hazan on December 4, 2015, the Gordo Foreclosure Judgment, recorded at Book 29902 Pages 3737-3742 CFN 20150812181 affecting Debtor's homestead Property known as 6913 Valencia Drive, Miami, Florida 33109 with the following legal description:
>
> LOT 7, Block 2, LINDISFARNE ON FISHER ISLAND SECTION 10 according to the Plat thereof, recorded in PLAT Book 157, Page 64, of the Public Records of Miami-Dade County, Florida
>
> have been satisfied and paid, and are deemed SATISFIED OF RECORD, and Debtor has good title to said Property against the claims or purported claims by, through, under, or against it by NLG, LLC and the title to the Property is forever quieted as to all claims of NLG, LLC.

Case No. 16-01439 ECF No. 238 at 14.

6. In direct contravention of Paragraphs 8 and 9 of the Confirmation Order, on August 9, 2018, NLG, through its counsel Juan Ramirez, Esq., recorded a Notice of Lis Pendens against the debtor's home. *See* Attachment 1 to this Motion.

7. Ms. Hazan recently learned of the Lis Pendens filed by NLG through a title insurance company with which she is working in contemplation of selling or refinancing her home.

8. One of Ms. Hazan's attorneys immediately contacted Mr. Ramirez to advise him that his and NLG's conduct violated the Court's orders. In a September 29, 2018 email, Ms. Hazan's counsel, Joel Aresty, Esq., warned Mr. Ramirez that Ms. Hazan would bring this matter to the Court if the Lis Pendens was not promptly withdrawn. *See* Attachment 2 to this Motion.

9. Instead of withdrawing the Lis Pendens, NLG, through Mr. Ramirez, took additional steps in violation of the Court's orders and the automatic stay by filing a cross-claim against Ms. Hazan in *JP Morgan Bank, NA v. Elizabeth Hazan a/k/a Liza Hazan, et al.*, Case No. 2013-25902 (Fla. 11th Cir. Ct.) on October 1, 2018. *See* Attachment 3 to this Motion. In the cross-claim, NLG alleges that it "has a valid lien on the [debtor's home] for the total amount specified in the Foreclosure Judgment" and seeks to foreclose on that purported lien. *Id*. at 9-10.

## ARGUMENT AND MEMORANDUM OF LAW

This Court has jurisdiction to enforce the injunctions in the Confirmation Order as well as to remedy violations of the automatic stay. In Paragraph 17 of the Confirmation Order, this Court specifically reserved jurisdiction over enforcement:

> The Bankruptcy Court shall retain jurisdiction:
>
> \*\*\*
> (m) To enforce any and all injunctions created pursuant to the terms of the Plan;

> (n) To modify the Plan or to remedy any defect or omission or reconcile any inconsistencies in the Plan either before or after the entry of the Confirmation Order;
>
> (o) To hear and determine all controversies, suits, and disputes that may arise in connection with the interpretation or enforcement of the Plan;
>
> (p) To make such orders as are necessary or appropriate to carry out the provisions of the Plan.

ECF No. 691 at 6. Moreover, even without such an express reservation, "the court that enters an injunctive order retains jurisdiction to enforce its order." *Alderwoods Group, Inc. v. Garcia*, 682 F.3d 958, 970 (11th Cir. 2012).

Under Eleventh Circuit precedent, this Court is authorized to impose sanctions on NLG both for its violation of the Court's injunctions as well as for its statutory violations:

> Bankruptcy judges, like district judges, have the power to coerce compliance with injunctive orders. In the bankruptcy context, "the creditor who attempts to collect a discharged debt is violating not only a statute but also an injunction and is therefore in contempt of the bankruptcy court that issued the order of discharge."

*Alderwoods*, 682 F.3d at 966 (quoting *Cox v. Zale Del., Inc.*, 239 F.3d 910, 915 (7th Cir. 2001)).

Although Ms. Hazan has not yet received a discharge, the automatic stay remains in place and prohibits NLG's conduct. In a Chapter 11 case, such as this case, the automatic stay remains in place until "the time a discharge is granted or denied." § 362(c)(2)(C).

NLG and Mr. Ramirez's conduct violated the automatic stay. The automatic stay prohibits, among other things:

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title,

>or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
>**(2)** the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
>
>**(3)** any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
>
>**(4)** any act to create, perfect, or enforce any lien against property of the estate;
>
>**(5)** any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
>
>**(6)** any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title…

§ 362(a).

Section 362(k)(1) directs the Court to remedy violations of the automatic stay through monetary sanctions, stating that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." Because NLG and Mr. Ramirez have repeatedly and willfully violated the automatic stay, the Court should order them to pay damages, including punitive damages, costs, and attorney's fees to Ms. Hazan.

A creditor engages in a "willful violation" of the automatic stay when the creditor "(1) knew the automatic stay was invoked and (2) intended the actions which violated the stay." *Jove Eng'g, Inc. v. I.R.S.*, 92 F.3d 1539, 1555 (11th Cir. 1996). Willfulness does require that the creditor had "'a specific intent to violate the automatic stay,' but only that the defendant knew of the automatic stay and intended the acts that violated the stay." *Id.* (quoting *In re Goodman*, 991 F.2d 613, 618 (9th Cir.1993)).

5

NLG and Mr. Ramirez's violations of the automatic stay were willful. First, there can be no question that they knew the automatic stay had been invoked. Indeed, this is not the first time that the debtor has been forced to move for sanctions as a result of NLG's violations of the automatic stay. *See* ECF No. 469.

It is true that in November 2016, the Court granted relief from the automatic stay "to litigate *the foreclosure claim of Chase* in the Foreclosure Action to the point of judgment, but not to conduct a foreclosure sale of the Property." ECF No. 315 (emphasis added). But it did *not* grant relief from the automatic stay for NLG to file a cross-claim for foreclosure against Ms. Hazan seeking a result directly contrary to the Court's Final Judgment on Counts I, II, and III in the Adversary Case and the treatment of NLG's claim under the Plan of Reorganization.

NLG (through Mr. Ramirez) has twice moved the Court for relief from the automatic stay to pursue foreclosure of Ms. Hazan's home—and both times the Court denied NLG such relief. The Court denied NLG's first motion for relief from stay on August 22, 2016. ECF No. 176. When NLG asked for more limited relief from the automatic stay (after the debtor moved for contempt based on violations of the automatic when NLG took other actions to enforce a purported foreclosure judgment, ECF No. 469), the Court entered an order again denying NLG relief from the automatic stay. *See* ECF No. 500.

So it cannot be credibly disputed that NLG and Mr. Ramirez had actual knowledge of the automatic stay. And even if it could be possible that they lacked knowledge when they recorded the Lis Pendens, they certainly could not have lacked knowledge when they filed the cross-claim after being expressly warned by Ms. Hazan's attorney to cease and desist. As such, NLG and Mr. Ramirez's violations of the automatic stay were willful.

In addition to its authority to remedy violations of the automatic stay, the Court also "possesses the inherent power to sanction contempt of its orders," including for violating the injunctive provisions of a plan confirmation order. *Alderwoods*, 682 F.3d at 970. The Court should impose sanctions on NLG on that basis as well. Paragraphs 8 and 9 of the Confirmation Order unambiguously enjoin creditors from pursuing collection of prepetition debts and from imposing liens based on those debts. NLG and Mr. Ramirez violated those injunctions in recording the Notice of Lis Pendens and filing the cross-claim.

Their conduct has caused significant damage to the debtor and has impeded her in effectuating the Plan of Reorganization and obtaining a fresh start. The wrongful Lis Pendens has slandered the debtor's title to her property and prevented her from selling or refinancing the property, which would enable her to resolve the Chase foreclosure litigation and pay off secured creditors.

Section 362 of the Bankruptcy Code provides "for recovery of actual damages, attorney's fees, costs, and punitive damages, where appropriate, for a willful violation of the automatic stay." *In re: Dynamic Tours*, 359 B.R. 336, 342 (Bankr. M.D. Fla. 2006). And the Court may impose additional sanctions for a party's non-compliance with the Court's injunctions, including "traditional sanctions for coercing compliance with an injunction—incarceration or financial penalty," as well as entering "orders to obviate conduct that stands to frustrate administration of the Bankruptcy Code," or "'any type of order, whether injunctive, compensative or punitive, as long as it is necessary or appropriate to carry out the provisions of the Bankruptcy Code.'"

To remedy NLG and Mr. Ramirez's violations of the injunctions contained in the Confirmation Order as well as of the automatic stay, the Court should order them to immediately withdraw or dismiss their cross-claim with prejudice as well as to withdraw, dismiss, cancel, or

otherwise remove the Lis Pendens with prejudice. Only then can their conduct's deleterious effects on the debtor's efforts to successfully reorganize be mitigated.

In addition, the Court should award actual damages, including the attorney's fees that Ms. Hazan has incurred to obtain relief from NLG and Mr. Ramirez's wrongful conduct. See *In re Omine*, 329 B.R. 343 (Bankr. M.D. Fla. 2005), *aff'd*, 2006 WL 319162 (M.D. Fla. 2006) (explaining that attorney's fees are an element of actual damages for a stay violation). In fact, the Court may award attorney's fees even if they are the only actual damages established by the debtor. *In re Hedetneimi*, 297 B.R. 837 (Bankr. M.D. Fla. 2003).

Moreover, NLG and Mr. Ramirez have engaged in repeated violations of the automatic stay and plan injunctions even after facing motions for contempt for previous conduct, and even after being warned by the debtor's counsel that their conduct was wrongful. As such, additional sanctions are necessary to deter NLG and Mr. Ramirez from taking additional actions in state court to foreclose on the debtor's home. Accordingly, Ms. Hazan requests that the Court award punitive damages as well.

WHEREFORE, the debtor respectfully requests that the Court enter an order: (a) finding NLG and Mr. Ramirez have violated the automatic stay and injunctions contained in the Confirmation Order; (b) finding NLG and Mr. Ramirez in contempt of court; (c) ordering the immediate removal with prejudice of the Lis Pendens and dismissal or withdrawal with prejudice of the cross-claim; (d) enjoining NLG and Mr. Ramirez (and their officers, agents, representatives) from taking any action judicially or otherwise in contravention of the Final Judgment on Counts I, II and III entered on November 1, 2017 in Adversary Case 16-01439-AJC [ECF 238] or the Confirmation Order entered on June 12, 2018 [ECF 691], barring NLG and Mr.

Ramirez and their officers (and their officers, agents, and representatives) from attempting to re-litigate in any other forum the issues and claims tried in Adversary Case 16-01439-AJC, including but not limited to the validity of any of the judgments and/or underlying state court proceedings considered; (e) awarding damages in favor of the debtor and jointly and severally against NLG and Mr. Ramirez including actual damages, attorney's fees, and punitive damages; and (f) granting such other and further relief as the Court deems just and proper.

### CERTIFICATION PURSUANT TO LOCAL RULE 2090-1(A)

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rules 2090-1(A).

                                  Respectfully submitted,

                                  BUSHELL LAW, P.A.
                                  Counsel for Liza Hazan
                                  6400 North Andrews Avenue, Suite 505
                                  Fort Lauderdale, Florida 33309
                                  Phone: 954-666-0220

                By:   /s/ Daniel A. Bushell
                        Daniel A. Bushell
                        Florida Bar No. 0043442
                        dan@bushellappellatelaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 4, 2018, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

    /s/ Daniel A. Bushell
    Daniel A. Bushell

## **SERVICE LIST**

### Case No. 16-10389-AJC

16-10389-AJC Notice will be electronically mailed to:

Geoffrey S. Aaronson on behalf of Creditor Aaronson Schantz Beiley P.A. gaaronson@aspalaw.com, 5408891420@filings.docketbird.com

Joel M. Aresty, Esq. on behalf of Creditor Joel M. Aresty P.A. aresty@mac.com

Joel M. Aresty, Esq. on behalf of Defendant Liza Hazan aresty@mac.com

Elizabeth J Campbell on behalf of Creditor JMB/Urban 900 Development Partners, Ltd ecampbell@lockelord.com, marian.scott@lockelord.com

Elizabeth J Campbell on behalf of Plaintiff JMB/Urban 900 Development Partners, Ltd ecampbell@lockelord.com, marian.scott@lockelord.com

Rebecca N Casamayor on behalf of Creditor Valencia Estates Homeowners' Association, Inc. rcasamayor@dhaberlaw.com

Robert P. Charbonneau, Esq. on behalf of Fuerst, Ittleman David & Joseph, P.L. rpc@ecccounsel.com, nsocorro@ecclegal.com;bankruptcy@ecclegal.com;bankruptcy.ecc@ecf.courtdrive.com

Adam A Diaz on behalf of Creditor U.S. Bank National Association adiaz@shdlegalgroup.com, southerndistrict@shdlegalgroup.com

Jeffrey S Fraser on behalf of Creditor SouthEast Financial, LLC bkfl@albertellilaw.com

Michael A Friedman on behalf of Attorney Michael Friedman mfriedman@gjb-law.com, gjbecf@gjb-law.com;jsardina@gjb-law.com

Michael A Friedman on behalf of NLG, LLC mfriedman@gjb-law.com, gjbecf@gjb-law.com;jsardina@gjb-law.com

Robert C Furr, Esq on behalf of Creditor Board of Managers of Spencer Condominium mortman@furrcohen.com, atty_furrcohen@bluestylus.com

Astrid Gabbe on behalf of Counter-Claimant NLG, LLC astridgabbe@gmail.com

Astrid Gabbe on behalf of NLG, LLC

astridgabbe@gmail.com

Astrid Gabbe on behalf of Defendant NLG, LLC astridgabbe@gmail.com

Joe M. Grant, Esq. on behalf of Creditor Selective Advisors Group, LLC jgrant@msglaw.com, jenna-munsey- 6083@ecf.pacerpro.com;efile@msglaw.com;mg197ecfbox@gmail.com

Joe M. Grant, Esq. on behalf of Plaintiff Selective Advisors Group, LLC jgrant@msglaw.com, jenna-munsey- 6083@ecf.pacerpro.com;efile@msglaw.com;mg197ecfbox@gmail.com

Robert A Gusrae on behalf of Creditor Fisher Island Community Association, Inc. ROBERT.GUSRAE@GMAIL.COM

David B. Haber, Esq. on behalf of Creditor Valencia Estates Homeowners' Association, Inc. dhaber@dhaberlaw.com, ngomez@dhaberlaw.com;rcasamayor@dhaberlaw.com;dbhpaservice@dhaberlaw.com

David W. Langley on behalf of Counter-Defendant Liza Hazan dave@flalawyer.com, emily@flalawyer.com;monica@flalawyer.com

David W. Langley on behalf of Debtor Liza Hazan dave@flalawyer.com, emily@flalawyer.com;monica@flalawyer.com

David W. Langley on behalf of Plaintiff Selective Advisors Group, LLC dave@flalawyer.com, emily@flalawyer.com;monica@flalawyer.com

David W. Langley on behalf of Plaintiff Liza Hazan dave@flalawyer.com, emily@flalawyer.com;monica@flalawyer.com

Tamara D McKeown on behalf of Defendant Liza Hazan tdmckeown@mckeownpa.com

James B Miller on behalf of Counter-Claimant NLG, LLC bkcmiami@gmail.com

Office of the US Trustee USTPRegion21.MM.ECF@usdoj.gov

Ashley Prager Popowitz on behalf of Creditor Real Time Resolutions, Inc. Ashley.popowitz@mccalla.com, flbkecf@mccalla.com

Steven G. Powrozek, Esq. on behalf of Creditor JPMorgan Chase Bank, National Association spowrozek@logs.com, electronicbankruptcynotices@logs.com

Juan Ramirez, Jr., Esq. jr@adrmiami.com

Eric J Silver on behalf of Other Professional Drew Dillworth esilver@stearnsweaver.com, rross@stearnsweaver.com;larrazola@stearnsweaver.com;cgraver@stearnsweaver.com

Michael W Simon on behalf of Creditor S&S Collections, Inc. ppaoletti@simonsigalos.com, dgasser@simonsigalos.com

Andrew D. Zaron, Esq. on behalf of Creditor JPMorgan Chase Bank, National Association
azaron@leoncosgrove.com, jgomez@leoncosgrove.com

16-10389-AJC Notice will not be electronically mailed to:

Chris Kosachuk
854 Pheasant Run Rd
West Chester, PA 19382-8144

Miami-Dade County Tax Collector c/o Alexis Gonzalez
200 NW 2nd Avenue, Suite 430 Miami, FL 33128-1733

13