## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:                                      Case No. 16-10389-AJC

LIZA HAZAN a/k/a ELIZABETH HAZAN,           Chapter 11

      Debtor,

_____/

NLG, LLC
A Delaware limited liability company and
CHRIS KOSACHUK, an interested party              Adv. No. 18-

      Plaintiffs,

v.

LIZA HAZAN a/k/a ELIZABETH HAZAN

      Defendant/Debtor.

_____/

## COMPLAINT TO REVOKE CONFIRMATION ORDER
## AND DISCHARGE ORDER FOR FRAUD

      Plaintiff, NLG,LLC, ("NLG") through undersigned counsel, and Chris Kosachuk, *pro se,*

hereby sue Defendant Debtor, Liza Hazan, a/k/a Elizabeth Hazan (the "Debtor" or "Defendant"),

to revoke the Confirmation and Discharge Orders for fraud and alleges as follows:

## COUNT I

      1.    This is an action against the Debtor to revoke the Confirmation Order [BK ECF

No. 691 and attached hereto as Exhibit 1] for fraud pursuant to 11 U.S.C. § 1144, FED. R.

BANKR. P. 9024 and FED. R. CIV. P. 60(d)(3).

## Parties, Jurisdiction and Venue

2.      Plaintiff, NLG, is a Delaware limited liability company and the largest creditor of Debtor Defendant Liza Hazan.

3.      Plaintiff, Chris Kosachuk, is an interested party.

4.      Debtor/Defendant Liza Hazan (the "Debtor") is the debtor in the bankruptcy case of *In re Liza Hazan a/k/a Elizabeth Hazan*, Case No. 16-10389-AJC, pending before this Court (the "Bankruptcy Case").

5.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§§ 157(b), 1334(b) and 2201(a) because this action is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (L).  The statutory predicate for the relief requested is 11 U.S.C. § 1144, FED. R. BANKR. P. 9024 and FED. R. CIV. P. 60(d)(3).  The Bankruptcy Rules provide that "a proceeding to revoke an order of confirmation of a chapter 11 … plan" is an adversary proceeding. FED. R. BANKR. P. 7001(5).

6.      Venue is proper in this Court under 28 U.S.C. § 1409 because this action arises in or relates to the Bankruptcy Case.

7.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (L).

## Factual Allegations

### A.  The Fraudulent Official Bank Checks Used for Confirmation

8.      The Debtor filed the Bankruptcy Case on January 11, 2016.

9.      In order to proceed to confirmation and obtain the Confirmation Order, the Debtor filed several documents to support her contention that she had made all the payments to unsecured creditors pursuant to the proposed Plan.  [*See* BK ECF No. 684, 688 and 713].

10.     At the confirmation hearing on May 30, 2018 the following exchange in regards to these payments to unsecured creditors occurred:

THE COURT: And the United States Trustee have a position?

MS. ARMENGOL:  Your Honor, we have reviewed all the payments and the checks that Ms. Hazan has with her, and we can confirm that she has all of those, in addition to unpaid taxes that she paid for 2016 and 2017, which was an issue we had raised at prior hearings. So with that, Your Honor, we have no objection to confirmation.

May 30, 2018 Transcript, p. 10 and attached hereto as Exhibit 2

11.     Those payments included a series of official checks.  Those official checks have also been presented to Judge Moreno in NLG's Appeal of this Court's November 1, 2017 Final Judgment [*See NLG, LLC v. Selective Advisors Group, LLC and Liza Hazan*, Case No. 18-24272-CIV-MORENO ECF No. 25-1].  Copies of the relevant checks filed with Judge Moreno are attached hereto as Exhibit 3.

12.     The Debtor refers to unsecured Class #12 claims as being paid in full in her post confirmation hearing Declaration of Disbursements BK ECF No. 684 filed on May 31, 2018. Attached hereto as Exhibit 4 is this declaration of disbursements.

13.     The Debtor refers to those same unsecured class #12 creditors being paid in full in her post confirmation hearing Declaration of Disbursements BK ECF No. 688 filed on June 1, 2018 with each class #12 claim being listed separately.  Attached hereto as Exhibit 5.

14.     Debtor's attorney, Mr. Aresty, then filed a post confirmation hearing motion BK ECF No. 713 on July 5, 2018 and again referenced completed payments made to those same unsecured creditors.  Attached hereto as Exhibit 6.

15.     Each of these docket entries purports that the following creditors were paid in full:

Sterling Emer Svcs Class #12 for $2,445.30;

Mount Sinai Phys Practice Class #12 for $295.91; and

Mount Sinai Phys Practice Class #12 for $3,240.00.

16.     In fact, Debtor Hazan never sent these official checks to her unsecured creditors because she simply returned these official checks back to her bank and signed the backs of the official checks with the statement "NOT USED FOR PURPOSE INTENDED" the day after the confirmation hearing on May 31, 2018. As such, Debtor Hazan provided knowingly false evidence of payments to this Court, the District Court and United States Trustees Office.

17.     The copies of the official checks confirming that the official checks were returned to her bank are attached hereto as Exhibit 7.

18.     As can been seen from the official checks, they were purchased from the bank on May 29, 2018, photographed, and then used by the Debtor as evidence of payment confirmation at the confirmation hearing on May 30, 2018.

19.     Debtor thereafter simply returned to the bank for refunds on May 31, 2018, the day after the Debtor defrauded this Court.

20.     After the Debtor returned these official checks to the bank on May 31, 2018, she filed her perjurious Declarations of Disbursements with this Court on June 1, 2018 [ECF No. 684 and 688 and Exhibit 4 and 5 herein] claiming that these unsecured creditors had been paid when in fact they had not been paid.  When the Debtor filed these Declarations, she swore under the penalty of perjury that the declarations were true when in fact they were knowingly false.

21.     The Debtor (1) made this false representation to the Court; (2) knew that the Declarations were false because she had just returned those checks to the bank the day before; (3) that the representation was made to induce the court to rely upon it; (4) that the court did rely

upon it; and (5) that as a consequence of such reliance, the court entered the confirmation order. [*See* BK ECF No. 691 Confirmation Order and attached hereto as Exhibit 1].

22.     In reliance on these knowingly fake checks and false declarations, the Debtor induced the United States Trustee to support confirmation of the Plan which she did and in turn induced this Court to confirm the Plan, which it did, also relying on these fake payments.

### The Debtor's Undisclosed Asset and Transfer and Mortgages

23.     Prior to August 15, 2011, the Debtor owned a residential condo unit located at 1 East 62nd Street No. 1A, New York, New York 10065 (the "Spencer Condo"). On August 15, 2011, the Debtor transferred the New York Condo out of her name and into the name of an individual named Raymond Houle for no consideration (the "Spencer Condo Transfer").  Mr. Houle eventually transferred the condo, again for no consideration, to Real Estate Holding Group, LDC, an entity controlled by the Debtor's husband, Sean Meehan. *See* Deed Transfers and Affidavit by Mr. Meehan, [Exhibit 8].

24.     The first Spencer Condo Transfer occurred just a little over four years prior to the Petition Date.

25.     Although that is outside the four-year statute of limitations under Chapter 726 of the Florida Statutes, it is well within the six-year statute of limitations period applicable to fraudulent transfers under the law of New York, where the transfers occurred.

26.     The Debtor owes a substantial tax liability to the IRS (about $485,703.40) that was incurred before the Spencer Condo Transfer. *See* [BK ECF No. 21 p. 13 and BK ECF No.563 p. 15 and IRS Proof of Claim #3].

27.     In addition to being actionable under New York law, the Spencer Condo Transfers may also be avoidable under Florida law and Section 544(b).

28.     Although the Debtor claimed in the Fifth Amended Disclosure Statement that she had completed her investigation into potentially avoidable transfers, the Spencer Condo Transfer was not mentioned at all in her Fifth Amended Disclosure Statement or in her bankruptcy schedules or amended schedules. [*See* BK ECF No. 562 p. 12, BK ECF Nos. 21 and 90].

29.     Debtor Hazan concealed her ownership interest in the Spencer Condominium. She clearly is still the beneficial owner even though she fraudulently conveyed the title. Attached hereto as Exhibit 9 is one of those mortgages recorded on the Spencer Condo to the Hazan's attorney Geoffrey Aaronson's law firm, for $145,000. Attorney Aaronson was counsel of record for the Debtor in the Bankruptcy Case.

30.     This mortgage also discloses mortgages to three other unsecured but preferred creditors, Bruce Jacobs for $55,000, Robert P. Lithman for $95,000 and Mark Cohen for $25,000. These three attorneys represented Hazan and her husband's corporation, Selective Advisors Group, LLC, at various stages of the state court foreclosure proceedings in front of Judge Gordo.

31.     All three were listed as unsecured creditors in the Debtor's original bankruptcy petition and have now become secured creditors to the detriment of the other creditors.

32.     Attorney Aaronson was present at the confirmation hearing, supported confirmation but never disclosed his secured creditor status, nor the other attorneys' secured creditor status, to the detriment of all other creditors.

33.     In fact he told the Court: "Good afternoon, Your Honor. Geoffrey Aaronson, Aaronson Schantz Beiley, P.A., also former counsel for the debtor. I'm appearing here on behalf of my firm, basically just an interested party. We're appropriately dealt with in the plan". May 30, 2018 Confirmation Hearing Transcript p. 4.

34.     Attorney Aaronson knew that representation he just made was misleading and without belief in its truth, or was made with reckless disregard for the truth because Mr. Aaronson was the holder of a Mortgage executed on November 14, 2016, secured by the Spencer Condo and thus his claim was not actually part of the Plan.

35.     In fact, Attorney Aaronson even notarized the mortgage and agreed that upon payment, he would return the original Promissory Note and Mortgage directly to Debtor Hazan.

36.     Attorney Aaronson made the false representation to induce the court to rely upon it; the court did rely upon it; and, as a consequence of such reliance, the court entered the confirmation order."

37.     As detailed above, revocation of the Confirmation Order is justified.

**WHEREFORE**, NLG respectfully requests that the Court enter judgment (a) revoking the Confirmation Order for fraud pursuant to 11 U.S.C. § 1144, FED. R. BANKR. P. 9024 and FED. R. CIV. P. 60(d)(3), (b) awarding NLG its reasonable attorney's fees and costs incurred against the Debtor and her attorneys and (d) granting such other and further relief as the Court deems appropriate.

## <u>COUNT II</u>

38.     NLG incorporates the allegations of paragraphs 1 through 37 of the complaint as though fully set forth herein.

39.     This is an action seeking to revoke the Discharge Order [BK ECF No. 766 and attached hereto as Exhibit 10] pursuant to 11 USC §727.

40.     Because the Confirmation Order was procured via fraud it is now appropriate to revoke the Discharge Order as well.

**WHEREFORE**, NLG respectfully requests that the Court enter judgment (a) revoking the Discharge Order for Fraud pursuant to 11 U.S.C. § 1144, FED. R. BANKR. P. 9024, FED. R. CIV. P. 60(d)(3) and 11 USC §727 (b) awarding NLG its reasonable attorney's fees and costs incurred against the Debtor and her attorneys and (c) granting such other and further relief as the Court deems appropriate.

Dated:  December 8, 2018

Respectfully submitted,

**Attorneys for NLG, LLC**

Juan Ramirez, Jr.
ADR Miami LLC
Florida Bar No. 201952
ADR Miami LLC
1172 S. Dixie Hwy. #341
Coral Gables, FL 33146
(305) 667-6609
jr@adrmiami.com

Astrid E. Gabbe
The Law Office of Astrid E. Gabbe, P.A.
Florida Bar No. 635383
P.O. Box 4216
Hollywood, FL 33083
Tel. (954) 303-9882
Fax. (954) 983-1427
astridgabbe@gmail.com

**Pro Se Plaintiff**
Chris Kosachuk
854 Pheasant Run Rd
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

## CERTIFICATION PURSUANT TO LOCAL RULE 2090-1(A)

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rules 2090-1(A).

Respectfully submitted,

/s/ Astrid E. Gabbe
The Law Office of Astrid E. Gabbe, P.A.
Florida Bar No. 635383
P.O. Box 4216
Hollywood, FL 33083

Tel. (954) 303-9882
Fax. (954) 983-1427
astridgabbe@gmail.com
*Attorneys for NLG, LLC*

# EXHIBIT 1



**ORDERED in the Southern District of Florida on June 11, 2018.**

A. Jay Cristol, Judge
United States Bankruptcy Court

---

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
**www.flsb.uscourts.gov**

In re:                                     Case No: 16-10389 AJC
                                           Chapter 11
Liza Hazan
 Debtor.                    /

### ORDER CONFIRMING PLAN OF REORGANIZATION

THIS MATTER came before the Court on May 30, 2018 at 2:00 PM. upon Doc 563 Liza Hazan a/k/a Elizabeth Hazan's Fourth Amended Plan of Reorganization and Doc 562 Liza Hazan a/k/a Elizabeth Hazan's Fifth Amended Disclosure Statement both filed 11/15/17 proposed by (the "Debtor" or "Proponent") and Order Approving Amended Disclosure Statement and Setting Hearing on Confirmation of Plan entered 12/13/17 Doc 580.

In connection with the confirmation of the Plan, the Court has reviewed and considered the: (i) *Certificate on Acceptance of Plan and Tabulation of Ballots Filed by Debtor Doc  681   ,* (the "Ballot Certificate") and (ii) *Confirmation Affidavit Filed by Debtor Doc 680,* (the "Confirmation Affidavit"). The Court has also: (i) reviewed and considered the entire record in this Chapter 11 Case, including the *Proponent's Disclosure Statement* and the Plan; (ii) considered the argument of counsel; (iii) considered the testimony of the Debtor as set forth in the Confirmation Affidavit which was proffered at the Confirmation Hearing without objection, and representations of counsel at the hearing, and (iv) considered the other evidence presented at the hearing.

The only creditors who previously objected to or voted against the plan were present, and announced that they were changing their votes to support the plan or had no objection.

# I. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Based upon the above and in consideration of the record in this case, the Court makes the following findings of fact and conclusions of law pursuant to Rule 7052, Federal Rules of Bankruptcy Procedure, and Rule 52(a), Federal Rules of Civil Procedure. Where appropriate, findings of fact shall constitute conclusions of law and conclusions of law shall constitute findings of fact. *See In re American Family Enterprises,* 256 B.R. 377, 385 n,2 (Bankr. N.J, 2000); *In re Antar,* 122 B,R, 788, 789 (Bankr. S.D. Fla. 1990).

A. The Court conducted a hearing to consider approval of the Disclosure Statement and Plan filed by the Debtor.

B. There has been adequate and sufficient notice of: (i) the Plan and the Disclosure Statement; (ii) the deadline to file and serve objections to the confirmation of the Plan and to the adequacy of the Disclosure Statement; (iii) the deadline for voting on the Plan; and (iv) the hearing date on the approval of the Disclosure Statement and Confirmation of the Plan.  Debtor has afforded all parties in interest with an adequate opportunity to be heard regarding the Disclosure Statement and the Plan. The Plan and Disclosure Statement were served upon all parties entitled to vote thereon.

C. The Court has jurisdiction over this matter pursuant to 11 U.S.C. §§ 105, 1121 through 1129; 28 U.S.C. §§ 157(a), (b)(I) and (b)(2)(L), 1334(a) and (b), the United States District Court's general Order of reference, and other various applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

D. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a);

E. In accordance with section 1122(a) of the Bankruptcy Code, Article II of the Plan classifies all Claims that are substantially similar to each other in discrete classes. The Plan, therefore, satisfies section 1122(a) of the Bankruptcy Code;

F. The Plan adequately and properly classifies all Claims and Interests required to be classified and, accordingly), satisfies section 1123(a)(1) of the Bankruptcy Code;

G. Articles II through V  of the Plan specify any class of Claims or Interests that are impaired or unimpaired under the Plan, and accordingly, satisfy section 1123(a)(2) and (3) of the Bankruptcy Code;

H. The Plan provides the same treatment for each Claim or Interest in each Class unless the holder of such a Claim or Interest agrees to less favorable treatment, if applicable, and accordingly, satisfies section 1123(a)(4) of the Bankruptcy Code;

I. The Disclosure Statement Article III  sets forth the means by which the Plan will be implemented, and accordingly, makes adequate means for its implementation and satisfies section 1123(a)(5) of the Bankruptcy Code; the Plan will be funded through funds from the ongoing operation of the Debtor's properties and jobs;

J. Each of the Voting Classes have accepted the Plan in the requisite number of

2

ballots, and in the requisite dollar amount, as required pursuant to 11 U.S.C § 1126(c) and as set forth in the Ballot Certificate;

K. The Ballot Certificate correctly set forth the tabulation of votes, as required by the Bankruptcy Code, Bankruptcy Rules, and the Local Rules of the Bankruptcy Court for the Southern District of Florida;

L. The Plan was voted on by all Classes of Impaired Claims that were entitled to vote pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Confirmation Procedures Order;

M. The Ballot Certificate and evidence at the hearing reflects that all Classes have accepted or not rejected the Plan;

N. All other objections to confirmation were announced to be settled at the Confirmation Hearing;

O. The Plan complies with all applicable provisions of the Bankruptcy Code, including 11 U.S.C. § 1129(a) and (b) with respect to all Classes of Claims and Interests under the Plan, and, as required by Bankruptcy Rule 3016(a), the Plan is dated and identifies the Debtor as the Proponent;

P. The Proponents of the Plan complied with all applicable provisions of the Bankruptcy Code, including 11 U.S.C. § 1129;

Q. The Plan has been proposed and submitted to all Creditors and Interest Holders in good faith and not by any means forbidden by law and therefore 11 U.S.C. § 1129(a)(3) is satisfied;

R. All payments made, or to be made, by the Debtor in connection with this Chapter 11 case or in connection with the Plan either have been approved by or are subject to the approval of the Bankruptcy Court, including applications for compensation and reimbursement of expenses and, therefore, the Plan satisfies the requirements of 11 U .S.C. § 1129(a)(4);

S. The Proponent of the Plan has disclosed the identity of the individual Reorganized Debtor, who will serve after the Confirmation Date and, therefore, the Plan satisfies the requirements of II U.S.C. § 1129(a)(5);

T. The Plan does not discriminate unfairly, is fair and equitable, and otherwise complies with all of the provisions of Section 1129(b) of the Bankruptcy Code with respect to each Class of Claims or Interests that are impaired under the Plan, including without limitation, creditors holding Unsecured Claims who will receive more on account of their Claims under this Plan, than they would receive in a chapter 7 liquidation;

U. The Plan and Disclosure Statement were accompanied by projections that support the financial viability of the Reorganized Debtor, and, accordingly, the requirements of 11U.S.C. § 1129(a)(11) are satisfied;

3

V. The ongoing operation of the properties and incomes of Debtor will provide sufficient funds available for the payment in whole of: (i) Allowed Administrative Expense Claims (unclassified), which will be paid on the Effective Date; (ii) United States Trustee's Fees (unclassified); secured claims and a dividend to unsecured creditors.

**THEREFORE, BASED UPON THE FOREGOING FINDINGS, IT IS ORDERED AS FOLLOWS**:

1**.** The Plan is **CONFIRMED** pursuant to 11 U.S.C. § 1129.

2. The findings of fact and conclusions of law set forth above shall constitute the findings of fact and conclusions of law of this Court pursuant to Bankruptcy Rule 7052. To the extent any finding of fact later shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law later shall be determined to be a finding of fact, it shall be so deemed.

3. All of the Terms and provisions of the Disclosure Statement and Plan are approved.

4. There are no allowed Administrative Expense Claims other than those of the Debtor's professionals and US Trustee fees. Administrative Expense Claims related to professional fees and costs shall be awarded by separate order of the Court.

5. Discharge. Because the Debtor is an individual—
**(A)** unless after notice and a hearing the court orders otherwise for cause, confirmation of the plan does not discharge any debt provided for in the plan until the court grants a discharge on completion of all payments under the plan;
**(B)** at any time after the confirmation of the plan, and after notice and a hearing, the Court may grant a discharge to the Debtor who has not completed payments under the plan if—
**(i)** the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the Debtor had been liquidated under chapter 7 on such date;
**(ii)** modification of the plan under section 1127 is not practicable; and **(iii)** subparagraph (C) permits the court to discharge; and **(C)** the court may grant a discharge if, after notice and a hearing held not more than 10 days before the date of the entry of the order granting the discharge, the court finds that there is no reasonable cause to believe that—
**(i)** section 522(q)(1) may be applicable to the Debtor; and **(ii)** there is pending any proceeding in which the Debtor may be found guilty of a felony of the kind described in section 522(q)(1)(A) or liable for a debt of the kind described in section 522(q)(1)(B); and if the requirements of subparagraph (A) or (B) are met.

6. As of the Effective Date all pre-petition property of the estate shall re-vest in the Reorganized Debtor.

7. Any judgment obtained in any court other than this Court is null and void as a determination of the individual liability of the Debtor with respect to debts dischargeable or determined by this Court to be discharged under 11 USC § 1141.

4

8.  All creditors whose judgments are declared null and void (if any) are enjoined from commencing, continuing, or employing any action, process, or act to collect, recover, or offset any such debts as personal liability of the Debtor, or from property of the Debtor, whether or not discharge of such Debtor is waived

9. All creditors are also enjoined from commencing, continuing, or employing any action, process, or act to collect, recover, or offset any debts, or enforce any liens against the Debtor on account of any debt that existed as of the Petition Date.

10. The Debtor shall pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. Section 1930(a)(6), through Confirmation, within ten (10) business days of entry of this Confirmation Order. The Reorganized Debtor shall file with the Court post-confirmation Quarterly Operating Reports and pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) for post-confirmation periods within the time period set forth in 28 U.S.C. § 1930(a)(6), based upon all post-confirmation disbursements, until the earlier of the closing of this case by the issuance of a order by the Bankruptcy Court, or upon the entry of an Order by the Bankruptcy Court dismissing this case or converting this case to another chapter under the United States Bankruptcy Code.

11. To the extent applicable, the Reorganized Debtor shall have the standing and authority to pursue all claims objections. Upon the resolution of all claims objections, if any, and upon this Confirmation Order becoming final, the Reorganized Debtor shall file a Final Report of Estate and Motion for Final Decree Closing Case (the "Final Report") on the Court approved local form.

12. The Reorganized Debtor shall pay all allowed claims at such time an in such amounts as provided for in the Plan.

13. The failure to reference or address all or part of any particular provision of the Plan herein shall have no effect on the validity, binding effect, or enforceability of such provision, and such provision shall have the same validity, binding effect, and enforceability as every other provision of the Plan. To the extent that any inconsistencies exist between the terms of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control, except as otherwise provided herein.

14. If any provision of this Confirmation Order is hereafter modified, vacated, or reversed by subsequent order of this Court, or any court, such reversal, modification, or vacation shall not affect the validity of the obligations incurred or undertaken under or in connection with the Plan, nor shall such reversal, modification, or vacation of this Confirmation Order affect the validity or enforceability of such obligations. Notwithstanding any reversal, modification, or vacation of this Confirmation Order, any such obligation incurred or undertaken pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification, or vacation, shall be governed in all respects by the provisions of this Confirmation Order and the Plan, and all documents, instruments, and agreements related thereto, or any amendments or modifications thereto.

15. The Debtor has complied with all of the provisions of the U.S. Bankruptcy Code and the Federal Bankruptcy Rules concerning notice, disclosure, and solicitation in connection with the

5

Plan, the Disclosure Statement, the Modification, and all other matters considered by this Court in connection with this Chapter 11 case. The Debtor properly served the Confirmation Procedures Orders and gave proper notice of the Confirmation Hearing in accordance with Bankruptcy Rules 2002, 3017(d), and 3020(b)(2). The Notice and the opportunity given for a hearing before the Court on the approval of the Disclosure Statement and the confirmation of the Plan was adequate and satisfactory under the circumstances of this case.

16. **All executory contracts and unexpired leases listed in Article VI of the Plan are deemed either assumed or rejected as indicated in the Plan as of the date of the Confirmation Hearing, and the Reorganized Debtor is authorized to enter into such contracts as they deem appropriate in the exercise her business judgment without the need for a motion and hearing in this Court.**

17. The Bankruptcy Court shall retain jurisdiction:

(a) To enable the Debtor to consummate the Plan and any amended or modified Plan and to resolve any disputes arising with respect thereto;

(b) To enable the Debtor to consummate any and all proceedings that it may bring prior to the entry of the Confirmation Order;

(c) To determine all controversies relating to or concerning the classification, subordination, allowance, valuation or satisfaction of Claims;

(d) To liquidate or estimate for purposes of allowance all contested, contingent or unliquidated Claims;

(e) To determine the validity, extent and priority of all liens, if any, against property of the estate;

(f) To determine all assertions or an ownership interest in, the value of, or title to, any property of the estate;

(g) To determine all objections to Administrative Claims;

(h) To determine all (1) adversary proceedings, contested or litigation matters brought before the Bankruptcy Court; and, (2) any and all claims or Causes of Action asserted by the Debtor, either by and through the Debtor or Reorganized Debtor;

(i) Without limiting the generality of the preceding paragraph, to determine any Avoidance Action brought by the Debtor;

(j) To determine all controversies arising out of any purchase, sale, or contract made or undertaken by the Debtor prior to the Confirmation Date;

(k) To enforce all agreements assumed, if any, and to recover all property of the estate, wherever located;

(l) To determine any tax liability of the estate in connection with the Plan, actions taken, distributions or transfers made thereunder;

(m) To enforce any and all injunctions created pursuant to the terms of the Plan;

(n) To modify the Plan or to remedy any defect or omission or reconcile any inconsistencies in the Plan either before or after the entry of the Confirmation Order;

(0) To hear and determine all controversies, suits, and disputes that may arise in connection with the interpretation or enforcement of the Plan;

(p) To make such orders as are necessary or appropriate to carry out the provisions of the Plan.

18. Pursuant to 11 U.S.C. § 1141(d)(5)(A), the Debtor shall be discharged from all pre-Confirmation debts except as is provided in the Plan, pursuant to the procedures set forth herein,

upon completion all payments required under the Plan to unsecured creditors. Upon the satisfaction of all payments required under the Plan to unsecured creditors, the Reorganized Debtor shall file a Final Report of Estate and Motion for Final Decree Closing Case on the Court approved local form.

(a)     Notwithstanding the above, the Debtor may request that the Court close this bankruptcy proceeding prior to the entry of an Order of Discharge, pursuant to the following procedures:

(b)     The Debtor may file a Motion to Temporarily Close Bankruptcy Case Prior to Entry of Order of Discharge (the "Motion to Close") after the following events have occurred: (I) payment of the Initial Payment (defined in the Plan) to Unsecured Creditors; (ii) payment of all outstanding quarterly United States Trustee Fees as of the date of the Order approving the Motion to Temporarily Close; and (iii) the filing of all outstanding federal income tax returns.  The Motion to Close shall certify that each of the above conditions have been met.

(c)     The Motion to Close (and Notice of Hearing thereto) shall be served to all creditors and interested parties.  The Court may grant the Motion to Close, pursuant to 11 U.S.C. § 350(a), if each of the above conditions have been met.

(d)     During the time that this bankruptcy case is temporarily closed, the provisions of the confirmation order shall remain in effect with respect to the

treatment of creditor claims that existed as of the bankruptcy petition date, as long as the Debtor continues to be in compliance with the Plan and the Court's Order Confirming Debtor's Plan of Reorganization and Setting Bar Date for Lease and Executory Contract Rejection Claims (the "Confirmation Order"), and as long as the Debtor timely makes all of the payments to unsecured creditors, as contemplated under the Plan.

(e)     Upon the satisfaction of all payments required under the Plan to Unsecured Creditors, the Debtor may file a motion to reopen this bankruptcy proceeding, pursuant to 11 U.S.C. § 350(b).  Any Clerk of Court fees associated with filing of the motion to reopen shall be waived.  The motion to reopen shall be verified and served upon all creditors and parties in interest and shall demonstrate that the Debtor has made all of the payments contemplated under the Plan to Unsecured Creditors.

(f)     Upon the re-opening of this bankruptcy proceeding, the Debtor shall promptly file a Final Report of Estate and Motion for Final Decree Closing Case on the Court-approved local form, which shall certify that all payments required under the Plan to Unsecured Creditors have been made.  The Court may then grant the Debtor a discharge, pursuant to 11 U.S.C. § 1141(d)(5).

### 

Submitted by: David W. Langley who will serve copies to: all creditors and appearances.

# EXHIBIT 2

Page 1

1            UNITED STATES BANKRUPTCY COURT

             SOUTHERN DISTRICT OF FLORIDA

2                   MIAMI DIVISION

3

4

5

  IN RE:                        CASE NO. 16-10389-AJC

6                               CHAPTER 11

  LIZA HAZAN,

7

            Debtor.

8  _____/

9

10

11            ECF# 563, 590, 599, 607, 610

12

13                 May 30, 2018

14

15            The above-entitled cause came on for hearing

16  before the Honorable A. JAY CRISTOL, one of the Judges in

17  the  UNITED  STATES  BANKRUPTCY  COURT,  in  and  for  the

18  SOUTHERN  DISTRICT  OF FLORIDA, at 301 North Miami Avenue,

19  Miami,  Miami-Dade  County,  Florida,  on  May  30,  2018,

20  commencing  at  or  about  2:12 p.m.,  and  the  following

21  proceedings were had:

22

23

24      Transcribed from a Digital Audio Recording by:

              Margaret Franzen, Court Reporter

25

Page 2

```
 1                   APPEARANCES:
 2

 3            DAVID W. LANGLEY, ESQUIRE
              On behalf of the Debtor
 4

 5            JOEL M. ARESTY, ESQUIRE
             Former Counsel for the Debtor
 6

 7

 8           AARONSON SCHANTZ BEILEY, by
             GEOFFREY S. AARONSON, ESQUIRE
             Former Counsel for the Debtor
 9

10

11           MARSHALL SOCARRAS GRANT, by
                JOE M. GRANT, ESQUIRE
         On behalf of Selective Advisors Group
12

13

14         REBECCA CASAMAYOR, ATTORNEY-AT-LAW
        On behalf of Valencia Homeowners' Association
15

16            JUAN RAMIREZ, ESQUIRE
               On behalf of NLG, LLC
17

18

19      OFFICE OF THE UNITED STATES TRUSTEE, by
            JOHANNA ARMENGOL, ATTORNEY-AT-LAW
                 Attorney/Advisor
20         On behalf of the United States Trustee
21

22              ALSO PRESENT:
23

24            LIZA HAZAN, Debtor
        ECRO - Electronic Court Reporting Operator
25
                  - - - - - - -
```

1          THE COURT:  The next matter is Liza Hazan.

2          MR. ARESTY:  Your Honor, if it please the

3    Court, Ms. Hazan is out in the conference room doing a

4    last minute settlement that should result in a consensual

5    plan.

6          I'm here also for the Blohm matter, which is

7    consensual and has no objections.

8          (Thereupon, the Court heard another matter

9    on its calendar, after which the following proceedings

10   were had:)

11         THE COURT:  We'll adjourn the Blohm matter

12   and see how soon we are ready to get back to the Hazan

13   matter.

14         Appearances on Hazan.  Apparently Mr. Furr

15   is reported to be out in telephone land.  Are you out

16   there, Mr. Furr?

17         COURTCALL OPERATOR:  Mr. Furr did not check

18   in on CourtCall, Your Honor.

19         THE COURT:  Okay.  Who else is here?

20         MR. LANGLEY:  Good afternoon, Your Honor.

21   David Langley here for the debtor, Elizabeth Hazan, and

22   Ms. Hazan is in the courtroom with us.

23         MS. CASAMAYOR:  Rebecca Casamayor,

24   C-a-s-a-m-a-y-o-r, here for the creditor, Valencia

25   Homeowners' Association.

Page 4

1           MR. GRANT:  Good afternoon, Your Honor.

2    Joe Grant, G-r-a-n-t, on behalf of Selective Advisors

3    Group.

4           MS. ARMENGOL:  Good afternoon again,

5    Your Honor.  Johanna Armengol, A-r-m-e-n-g-o-l, for the

6    U.S. Trustee.

7           MR. ARESTY:  Joel Aresty, A-r-e-s-t-y, I was

8    former counsel for the debtor-in-possession, I'm still a

9    creditor, Your Honor, and was helping out Ms. Hazan with

10   some of the forms.

11          MR. AARONSON:  Good afternoon, Your Honor.

12   Geoffrey Aaronson, Aaronson Schantz Beiley, P.A., also

13   former counsel for the debtor.  I'm appearing here on

14   behalf of my firm, basically just an interested party.

15   We're appropriately dealt with in the plan.

16          MR. RAMIREZ:  Good morning, Your Honor --

17   afternoon.  Juan Ramirez, R-a-m-i-r-e-z, on behalf of NLG.

18          THE COURT:  Thank you.  Anyone else?

19          All right.  Where are we and what are we

20   going to do here today?

21          MR. LANGLEY:  Judge, we're here to confirm

22   the fourth amended plan.

23          First a housecleaning matter, if I may,

24   Judge?  There was one pending objection to confirmation by

25   the Valencia Homeowners' Association, and we just worked

1   that out today.  We have a proposed stipulation that I'll

2   be filing today between the debtor and Valencia that takes

3   care of their objection.

4            We tendered -- Ms. Hazan tendered a

5   cashier's check for the amount due that we agreed upon to

6   Valencia, and with that, they've agreed to withdraw their

7   objection to confirmation and to change their ballot from

8   objecting to accepting.

9            THE COURT:  That's your position Mrs. --

10  Ms. Casamayor?

11           MS. CASAMAYOR:  Yes, that's correct.  We are

12  also dealt with in the plan, but as far as just the

13  objection and the basis for the objection, that's been

14  resolved through the stipulation and the cashier's check.

15           THE COURT:  Very well.  What's next?

16           MR. LANGLEY:  Yes, we're asking that the

17  Court approve the stipulation, which we will be filing.

18           THE COURT:  You both agreed.

19           MS. CASAMAYOR:  Yes.

20           THE COURT:  The Court will always endorse an

21  agreement, unless something unusual prevents it.  So you

22  can ---

23           MS. CASAMAYOR:  I don't think there's

24  anything usual.  We'll -- we'll just submit it ---

25           THE COURT:  All right.  Then you can submit

Page 6

1    an agreed order on it.

2                MS. CASAMAYOR:  Yes, yes, we'll file it --

3                MR. LANGLEY:  Okay.  Very good.

4                MS. CASAMAYOR:  -- and submit an agreed

5    order.

6                THE COURT:  Very well.

7                MR. LANGLEY:  Very good.  Thank you, Judge.

8                We have essentially worked out every

9    other -- agreements with every other creditor.  I don't

10   know that anybody is actually objecting from NLG.  If we

11   need to address that, we will.

12               MR. RAMIREZ:  Yes.  Well, I just want to

13   make sure the Court realizes that we have an appeal

14   pending, and the appeal was reinstated by Judge Gayles.

15   Now they have raised the fact that they don't think your

16   final order that you entered in the adversary proceeding

17   was, indeed, a final order, so they are -- raised that

18   now.  So if that is not a final order, then that is still

19   pending before you in this -- in this case.

20               THE COURT:  And has there been a supercedes

21   entered in that case?

22               MR. LANGLEY:  Yeah, nothing -- nothing

23   entered, Judge.

24               Mr. Ramirez is correct, there is an issue

25   pending before Judge Gayles on whether the final judgment

1   of November 1, that's the -- the name of the document,

2   whether it's actually final for appellate purposes.  It

3   resolved three out of nine counts in the adversary, it

4   left some remaining to go to trial, so I think it pretty

5   clearly is not, but that's an issue for Judge Gayles.

6              For confirmation purposes, there's nothing

7   in the NLG matters that would affect confirmation.  The

8   final judgment of November 1, 2017 is the law of the case

9   and it states that the mortgage has been satisfied, that

10   the claim has been disallowed, and that NLG has no

11   standing in this case.

12              The Tucker case that we cited to the Court

13   in our motion, and I have a copy if the Court would like

14   it, it stands for the -- it's a Middle District case, it

15   stands for the proposition that absent a motion for stay

16   relief, the pendency of an appeal is not an impediment to

17   confirmation.

18              So despite everything else that we're doing

19   with NLG ---

20              THE COURT:  Well, it is not unless there is

21   a stay in place, but you're saying there is no stay.

22              MR. LANGLEY:  There's no stay.

23              THE COURT:  Mr. Ramirez, do you agree there

24   is no stay?

25              MR. RAMIREZ:  There is no stay, Judge.

1          THE COURT:  Okay.

2          MR. RAMIREZ:  But I just want to correct

3   that it's not the law of the case until the appellate case

4   is decided.

5          THE COURT:  Well, but if something happens

6   in the interim, it may moot out the appeal, that's why it

7   makes a big difference.  If there's a stay, then nothing

8   can happen until that matter is decided, but if there is

9   no stay and things go along a track to where they're not

10  reversible, then it possibly or probably would moot the

11  issue, but in any event, what's next?

12         MR. LANGLEY:  And, Judge, the plan provides

13  for payment to unsecured creditors so that Ms. Hazan can

14  get a discharge, that doesn't affect NLG.  So I think

15  we're in a good position to -- to be confirmed.

16         We have filed a confirmation affidavit.  We

17  filed the debtor's certificate of compliance, that's

18  Docket Entry 677.  My certificate of proponent of plan,

19  acceptance of the plan, we've gone through the ballots and

20  with the change for Valencia to accepting, we have

21  100 percent acceptance of the plan.

22         And we have filed Ms. Hazan's confirmation

23  declaration, that's at Docket Entry 680, which is very

24  thorough, it goes through her -- her preparations of the

25  plan, it confirms that the plan complies with all of the

Page 9

1    requirements of Section 1129, and I would submit that to

2    the Court as a proffer, as our statement as to the

3    confirmability of the fourth amended plan.

4                    THE COURT:  So you're offering the affidavit

5    in evidence?

6                    MR. LANGLEY:  Yes, Judge, Docket Entry 680.

7                    THE COURT:  Any objection to the admission

8    of the affidavit into evidence?  There being no objection,

9    it is admitted in evidence.

10                   Does anyone wish to cross-examine the

11   affiant?  There being no request for same, it is admitted

12   in evidence without objection.

13                   Proceed.

14                   MR. LANGLEY:  That takes care of it, Judge.

15                   In addition to the plan being confirmable,

16   Ms. Hazan is here today with cashier's checks payable to

17   all of the creditors that get effective date payments, so

18   by the end of the day today, the effective date payments

19   will be paid.

20                   This bankruptcy, as you know, Judge, has

21   been a real impediment to Ms. Hazan's business, and we

22   would like to get this case administratively closed, if

23   possible, with an agreed order that we would submit.

24                   I don't know that we need any follow-up

25   hearings because the effective date payments are going out

Page 10

1    today.  Nobody is objecting to that.  Nobody is objecting

2    to the confirmation.  Our goal is to try to get this case

3    administratively closed.

4                    THE COURT:  And the United States Trustee

5    have a position?

6                    MS. ARMENGOL:  Thank you, Your Honor.

7                    We have reviewed the certificates of plan

8    proponent and the ballot certificate, Document 677,

9    Your Honor, which was admitted into evidence before I was

10   able to stand up, was -- seems to have been filed by

11   Mr. Aresty.  Mr. Aresty is no longer counsel of record,

12   Your Honor.

13                   We would request that that be refiled by

14   Mr. Langley just to have the procedural -- all the

15   procedures correct before, you know, confirmation.

16                   In addition, Your Honor, we have reviewed

17   all the payments and the checks that Ms. Hazan has with

18   her, and we can confirm that she has all of those, in

19   addition to unpaid taxes that she paid for 2016 and 2017,

20   which was an issue we had raised at prior hearings.

21                   So with that, Your Honor, we have no

22   objection to confirmation.  However, we would request that

23   document 677 be refiled.

24                   THE COURT:  Mr. Langley --

25                   MR. LANGLEY:  Judge, it was.

Page 11

1              THE COURT:  -- any problem?

2              MR. LANGLEY:  It was refiled at Docket Entry

3  680.  I -- I filed it.

4              THE COURT:  Does that cover it, Madam United

5  States Trustee?

6              MS. ARMENGOL:  No, Your Honor.  That

7  document needs to be refiled, Your Honor.

8              THE COURT:  All right.

9              MR. LANGLEY:  I can certainly do that today,

10  Judge.

11             THE COURT:  Very well.  Then what else can

12  we do here today?

13             MR. LANGLEY:  With Your Honor's permission,

14  we would like to submit an order confirming the plan; and

15  with Your Honor's permission, an agreed order

16  administratively closing the case.

17             THE COURT:  Does the U.S. Trustee have any

18  objection to the administrative order closing the case?

19             MS. ARMENGOL:  No, Your Honor, as long as

20  there's a certificate of compliance that all the payments

21  went out and that's filed --

22             THE COURT:  Very well.

23             MS. ARMENGOL:  -- prior to closing of the

24  case.

25             THE COURT:  Very well.  Then, Mr. Langley,

Page 12

1    you may submit both of those orders, both are approved,

2    and what else can we do other than say congratulations

3    on --

4                    MR. LANGLEY:  Yes, Judge, I think ---

5                    THE COURT:  -- successfully completing an

6    11?

7                    MR. LANGLEY:  Yes, I think Ms. Hazan

8    deserves some congratulations for --

9                    MS. HAZAN:  Thank you, Judge.

10                   MR. LANGLEY:  -- getting it this far.

11                   MS. HAZAN:  Thank you, Your Honor --

12                   MR. LANGLEY:  Yes, thank you so much, Judge.

13                   MS. HAZAN:  -- for everything

14                   THE COURT:  Very well, then.  Anything

15   further before we adjourn?  Apparently not.

16                   THE MARSHAL:  All rise.

17                   THE COURT:  I wish you all a good day and

18   we'll adjourn this hearing.

19                   (Thereupon, the hearing was concluded.)

20

21

22

23

24

25

Page 13

1

2

3                        CERTIFICATION

4

5    STATE OF FLORIDA        :

6    COUNTY OF MIAMI-DADE   :

7

8            I, Margaret Franzen, Court Reporter and

9    Notary Public in and for the State of Florida at Large, do

10   hereby certify that the foregoing proceedings were

11   transcribed by me from a digital recording held on the

12   date and from the place as stated in the caption hereto on

13   Page 1 to the best of my ability.

14           WITNESS my hand this 5th day of July 2018.

15

16

17        _____

18               MARGARET FRANZEN

19        Court Reporter and Notary Public

          in and for the State of Florida at Large

20             Commission #GG187411

               April 14, 2022

21

22

23

24

25

# EXHIBIT 3







THIS DOCUMENT CONTAINS A TRUE WATERMARK · HOLD TO LIGHT TO VIEW

**OFFICIAL CHECK**

0415

ISSUING BRANCH 8540201-MIAMI · DADE · BRICKELL MAIN

DATE May 31, 2018

PAY TO THE
ORDER OF     MOUNT SINAI PHYSICIAN PRACTICES

Three Thousand Two Hundred Forty and 00/100ths Dollars                    $3,240.00

**BB&T**

$3,240.00

DOLLARS SIGNS OTHER THAN DOUR SIGN FOUR SIGN FIVE

AUTHORIZED SIGNATURE

MEMO/PURCHASER  LIZA ELIZABETH HAZAN  6913 VALENCIA DRIVE
MIAMI FL 33109 SS 620217475

⑈    0415⑈  ⑉051402369⑉000101901009?⑉



# EXHIBIT 4

## UNITED STATES BANKRUPTCY COURT
## THE SOUTHERN DISTRICT OF
## FLORIDA MIAMI DIVISION

### www.flsb.uscourts.gov

IN RE:

CaseNo:16-10389-AJC
Chapter 11

Liza Hazan
a/k/a ELIZABETH HAZAN

DEBTOR.                    /

### DECLARATION OF DISBURSEMENTS FOR DEBTOR-IN-POSSESSION

The Debtor, files her declaration of disbursements pursuant to 28 U.S. Code § 1746 - Unsworn declarations under penalty of perjury, and respectfully represents:

1.     I am the Debtor-in-Possession in this case and the Disbursing Agent appointed pursuant to the Fourth Amended Plan.

2.     On May 30, 2018 and May 31, 2018, following confirmation of my Fourth Amended Plan, I made disbursements as follows:

*CLASS / NAME OF CREDITOR*

| | |
|---|---|
| 5 – Valencia Estates Comm. Assoc. | $4,062.00 |
| 7 – Miami-Dade Water | $1,502.54 |
| 12 – Convenience Class | $ 12,958.04 |
| | |
| 1 IRS First payment Priority Claim | $2,674.34 |
| U.S Trustee | $ 651.07 |
| | |
| TOTAL: | $21,847.99 |

Liza Hazan

I declare under penalty of perjury of the Laws of the United States that the foregoing is true and correct. Executed on 5/31/18

# EXHIBIT 5

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF FLORIDA

### MIAMI-DADE DIVISION

#### www.flsb.uscourts.gov

In re:

LIZA HAZAN,

    Debtor.

CASE NO.: 16-10389 AJC

CHAPTER 11

_____/

# DECLARATION OF DISBURSEMENTS FOR DEBTOR-IN-POSSESSION LIZA HAZAN

The Debtor, files this declaration of disbursements pursuant to 28 U.S. Code § 1746 - Unsworn declarations under penalty of perjury, and respectfully represents:

1. My name, is Liza Hazan. I am over 21 years of age and fully competent to make this declaration. Unless otherwise stated, I have personal knowledge of the facts set forth in this declaration.

2. As of the date of this Declaration I have made the post-confirmation hearing Effective Date disbursements listed on the attached Exhibit A.

**I declare under penalty of perjury of the Laws of the United States that the foregoing is true and correct. Executed on 6/1/18**

Liza Hazan

**EXHIBIT A LIST OF EFFECTIVE DATE PAYMENTS PAID PURSUANT TO THE PLAN**

| CLASS | NAME OF CREDITOR | CLAIM NUMBER | SCHEDULED AND/OR CLAIMED AMOUNT | FIRST DIVIDEND TO BE PAID PURSUANT TO PLAN |
|---|---|---|---|---|
| 5 | Valencia Estates Comm. Assoc | #10 | $4,062.00 | $ 4,062.00 |
| 6 | Fisher Island Comm. Assoc. | | settled | $ 0 |
| 7 | Miami-Dade Water | #7 | $1,502.54 | $1,502.54 |
| 12 | Convenience Class: | | | |
| | IRS Claim #3 <br> IRS first priority payment | | $ 24,663.00 | $ 1,085.00 <br> $2,674.34 |
| | American InfoSource T Mobile Claim #2 | | | $ 1,130.00 |
| | American InfoSource Direct TV Claim #9 | | | $ 461.00 |
| | FPL Claim #11 | #13 | | $ 2,906.93 |
| | Sterling Emer Svcs | | | $2,445.30 |
| | Mount Sinai Phys  Practice | | | $295.91 <br> $3,240 |
| | HSBC Bank USA NA | | | $1,070.66 |
| | Wells Fargo | #12 | | $323.24 |
| | U.S. Trustee | | | $651.07 |

# EXHIBIT 6

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**www.flsb.uscourts.gov**

In re:                                                    Case No: 16-10389 AJC
                                                         Chapter 11

Liza Hazan
 Debtor.                      /

### CORRECTED MOTION TO REOPEN,
### FINAL REPORT AND MOTION FOR DISCHARGE,
### AND MOTION FOR ENTRY OF FINAL DECREE AND TO RECLOSE

Reorganized Debtor Liza Hazan a/k/a Elizabeth Hazan, by and through her undersigned counsel, files this Motion to Administratively Reopen Individual Chapter 11 Case to Obtain Discharge and Final Decree and to reclose ("Motion") and Pursuant to Local Rule 3022-1(A), the undersigned files this Final Report and Motion for discharge and Final Decree and represents:

1. On May 30, 2018, the Court granted the Confirmation of the Chapter 11 Plan. The Order granting confirmation of the Fourth amended plan filed on November 15, 2017 ("Doc 563") was entered on June 12, 2018 and was docketed at Doc 691. The plan provided for 41% payment of the unsecured allowed claims. On June 13, 2018 the Court entered an Agreed Order Granting Reorganized Debtor's Ore Tenus Motion to Administratively Close Individual Chapter 11 Case After Confirmation docketed at Doc 692.

2. As evidenced by the attached detailed accounting, the reorganized Debtor has now completed all payments called for under the Confirmed Plan and Confirmation Order.  The payments required by the plan have been distributed and all matters to be completed upon the effective date of the confirmed plan have been fulfilled or completed; Doc 684 Declaration of Disbursements.

3. Having completed all plan payments, the reorganized Debtor is now eligible to discharge pursuant to §1141 (d)(5)(A).

4. There is no reasonable cause to believe that §522(q)(1) is applicable to the reorganized Debtor, and there is no pending proceeding in which the reorganized Debtor may be found guilty of a felony of the kind described in §522(q)(1)(A) or liable for a debt of the kind described in §522(q)(1)(B).

5 . All administrative claims and expenses have been paid in full, or appropriate arrangements have been made for the full payment thereof. A summary of fees and expenses is as follows:

$  n/a Trustee Compensation (If trustee received compensation under more than one chapter)

$ <u>n/a</u> Fee for Attorney for Trustee

$ arranged -Fees for Attorneys for Reorganized Debtor, awarded and appropriate arrangements have been made

$ paid U.S. Trustee (fees required by 28  U.S.C. §1930)

$ <u>paid</u> Clerk of Court (fees required by 28 U.S.C. §1930)

$ <u>n/a All</u> expenses, including Trustee's

6.    Attached as Exhibit A is a distribution report detailing the payments made under the plan on and after the effective date.

7.    Pursuant to Fed. R. Bankr. P.1007(b)(7), the undersigned represents that 11 U.S.C. § 1141(d)(3) is not applicable to the reorganized Debtor, or the reorganized Debtor has filed a statement of completion of the personal financial management course.

WHEREFORE, The reorganized Debtor respectfully requests that this court (1) grant this Motion and administratively reopen this case, (2) enter a discharge of the reorganized Debtor, (3) enter a final decree closing this fully administered individual Chapter 11 case, and (4) grant such other and further relief as the Court deems appropriate..

I certify that a copy of this report and attachments was emailed to the U.S. Trustee's office on 7/7/18.

JOEL M. ARESTY, P.A.
Counsel for
Reorganized Debtor
Liza Hazan
309 1st Ave S
Tierra Verde, FL
33715
Phone: 305-904-1903
Fax: 800-559-1870
E-mail: Aresty@Mac.com
By: <u>/s/Joel M. Aresty</u>
Fla. Bar No. 197483

**EXHIBIT  A**

LIST ALL PAYMENTS MADE ON OR BEFORE THE EFFECTIVE DATE OF THE PLAN,
OR IF INDIVIDUAL CHAPTER 11, ALL PAYMENTS MADE UNDER THE PLAN.*
SEPARATE CLAIMANTS BY CLASSIFICATION UNDER THE PLAN AND PROVIDE A
TOTAL FOR EACH CLASSIFICATION. LIST THE NAME OF EACH RECIPIENT,
AMOUNT OF THE ALLOWED CLAIM AND THE AMOUNT THAT WAS PAID (USE
CONTINUATION PAGE IF NECESSARY).

| Name Of Creditor | Claim Number | Class Number | Payment In Plan |
|---|---|---|---|
| IRS priority | Claim # 3 | Class 1 | $2,674.34  Paid  at Confirmation |
| Valencia Estates Community Association, Inc. | Claim # 10 | Class 5 | $4,062.00<br>Paid at confirmation |
| Miami-Dade  Water  & Sewer Department | Claim # 7 | Class 7 | $1,502.54<br>Paid at confirmation |
| IRS secured | Claim # 3 | Class 8 | $22,948.00<br>Paid after confirmation |
| American    InfoSource TMobile<br>Class 12 | Claim # 2 | Class 12 | $1,130.00<br>Paid at confirmation |
| S&S Collections | Claim # 13 | Class 13 | $6,968.04<br>Paid after confirmation |
| IRS unsecured | Claim # 3 | Class 12 | $1,085.00  Paid  at confirmation |
| American  info  Source Direct TV Class 12 | Claim # 9 | Class 12 | $461.00   Paid   at Confirmation |
| FPL Class 12 | Claim # 11 | Class 12 | $2,906.93  Paid  at Confirmation |
| Sterling Emer Svcs | | Class 12 | $2,445.30  Paid  at Confirmation |

| | | | Confirmation |
|---|---|---|---|
| Mount Sinai Phys Practice | | Class 12 | $295.91 Paid at Confirmation |
| | | | $3,240.00 Paid at Confirmation |
| HSBC Bank USA NA | | Class 12 | $1,070.66 Paid at Confirmation |
| Wells Fargo | Claim # **12** | Class 12 | $323.24 Paid at Confirmation |
| Total class 12 <br><br> Total <br> Total | | | $12,958.04 Paid at Confirmation <br> $651.07 Paid at Confirmation <br><br><br> $51,764.03 |

*Class **13 JMB Urban 900** in the amount of $275,000 is the subject of a **Non-dischargeable Judgment** and therefore is not sought to be discharged.

# EXHIBIT 7

Date: December 6, 2018          *Branch Banking and Trust*          *Page 2 of 2*

Reference: 20000240336916:20000240336916:20000179650928

**OFFICIAL CHECK**                                    1001054051

68-236/514

ISSUING BRANCH  8540219-MIAMI - DADE - SOUTH BEACH
DATE  May 29, 2018

PAY TO THE
ORDER OF    MOUNT SINAI                                    $295.91

Two Hundred  Ninety-Five and 91/100ths Dollars

BB&T          $295.91

AUTHORIZED SIGNATURE

MEMO/PURCHASER   LIZA HAZAN SS 600 A A3
6913 VALENCIA Dr MIAMI FL 3309

⑁1001054051⑁ ⑁0514023649⑁000101901009?⑁

---

COLOR THIS TONE BY
SAMPLE THE VALVE

NOT USED FOR ROPES
DEMATED DEBBIE DEPOSIT
DO NOT WRITE STAMP OR SIGN BELOW THIS LINE

---

| | |
|---|---|
| Date | 20180531 |
| Amount | 29591 |
| Serial Number | 1001054051 |

| | |
|---|---|
| Account Number | 0000001019010097 |
| CR-DR | D |
| Transaction Link | 015835230463583031 |

*Date: December 6, 2018*        *Branch Banking and Trust*        *Page 2 of 2*

*Reference: 20000240336983:20000240336983:20000179650994*



**Date** 20180531

**Amount** 244530

**Serial Number** 1001054325

**Account Number** 0000001019010097

**CR-DR** D

**Transaction Link** 015835230463583031

*Date: December 6, 2018*          *Branch Banking and Trust*          *Page 2 of 2*

Reference: 20000240308683:20000240308683:20000179628693



| Date | 20180531 | Account Number | 0000001019010097 |
|------|----------|----------------|------------------|
| **Amount** | 324000 | **CR-DR** | D |
| **Serial Number** | 1001054034 | **Transaction Link** | 015835230463583031 |

*Date: December 6, 2018*        *Branch Banking and Trust*        *Page 1 of 1*

Reference: 20000240359127;20000240359127;20000179666132





| | | | |
|---|---|---|---|
| **Date** | 20180614 | **Sequence Number** | 2900128596 |
| **Account Number** | 0000001019010097 | **Amount** | 150254 |
| **CR-DR** | D | **Serial Number** | 1001054089 |
| **Transaction Link** | 013336290012859614 | | |

THOMSON INFOLINK SEARCH SELECTIONS

**Select one or more of the following and press ENTER.**      0001  ITEMS FOUND
(D=display  I=Inquiry  S=Send to external application)

| S | Routing | Search Name | Search City/Addr | ST | Appl | H |
|---|---------|-------------|------------------|----|----|----|
| _ | 091000019 | WELLS FARGO BANK, NATIONAL ASS | ALBERT LEA | MN | | B |
| | | | 122 E MAIN ST | | | |

**F1** HELP     **F3** EXIT     **F5** REFRESH     **F7** BACKWARD   **F8** FORWARD   **F12** CANCEL

# EXHIBIT 8

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.



2011081500311001001EDE7E

| **RECORDING AND ENDORSEMENT COVER PAGE** | | **PAGE 1 OF 3** |
|---|---|---|
| Document ID: **2011081500311001** | Document Date: 08-15-2011 | Preparation Date: 08-15-2011 |
| Document Type: DEED | | |
| Document Page Count: 2 | | |

| **PRESENTER:** | **RETURN TO:** |
|---|---|
| MARZEC LAW FIRM | MARZEC LAW FIRM |
| 225 BROADWAY | 225 BROADWAY |
| SUITE 3000 | SUITE 3000 |
| NEW YORK, NY 10007 | NEW YORK, NY 10007 |
| 212-267-0200 | 212-267-0200 |
| dmarzec@marzeclaw.com | dmarzec@marzeclaw.com |

**PROPERTY DATA**

| Borough | Block | Lot | | Unit | Address |
|---|---|---|---|---|---|
| MANHATTAN | 1377 | 1100 | Entire Lot | 1A | 1 EAST 62ND STREET |

**Property Type:** SINGLE RESIDENTIAL CONDO UNIT

**CROSS REFERENCE DATA**

**CRFN:** 2006000629750

**PARTIES**

| **GRANTOR/SELLER:** | **GRANTEE/BUYER:** |
|---|---|
| ELIZABETH HAZAN | RAYMOND HOULE |
| 1 EAST 62ND STREET, APT. 1A | 1 EAST 62ND STREET, APT. 1A |
| NEW YORK, NY 10065 | NEW YORK, NY 10065 |

**FEES AND TAXES**

| Mortgage | | | Filing Fee: | | |
|---|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ | 125.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | | |
| Exemption: | | | | $ | 0.00 |
| TAXES:  County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | | |
| City (Additional): | $ | 0.00 | | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | **RECORDED OR FILED IN THE OFFICE** | | |
| TASF: | $ | 0.00 | **OF THE CITY REGISTER OF THE** | | |
| MTA: | $ | 0.00 | **CITY OF NEW YORK** | | |
| NYCTA: | $ | 0.00 | Recorded/Filed | 08-22-2011 11:55 | |
| Additional MRT: | $ | 0.00 | City Register File No.(CRFN): | | |
| TOTAL: | $ | 0.00 | **2011000295677** | | |
| Recording Fee: | $ | 47.00 | | | |
| Affidavit Fee: | $ | 0.00 | *Annette M. Hill* | | |
| | | | **City Register Official Signature** | | |

Form 8002* 5/85 - 25M--Bargain and Sale Deed with Covenant against Grantor's Acts-Individual or Corporation. (single sheet)

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT-THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

THIS INDENTURE, made the 15th day of August , 2011

BETWEEN

**ELIZABETH HAZAN,**
**residing at 1 East 62nd Street, Apt. 1A, New York, NY 10065**

party of the first part, and

**RAYMOND HOULE,**
**residing at 1 East 62nd Street, Apt. 1A, New York, NY 10065**

party of the second part,

**WITNESSETH,** that the party of the first part, in consideration of  ten dollars [$10.00] and other valuable consideration  paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the

SEE SCHEDULE A ANNEXED HERETO AND MADE A PERT OF HEREOF.

Except as otherwise specifically permitted by the Condominium Board (as such term is defined in the Declaration) or provided in the Declaration or in the By-Laws, the Unit is intended for residential use only.

By accepting this Deed, the Grantee accepts and ratifies the provisions of the Declaration and the By-Laws (and any Rules and Regulations adopted under the By-Laws) and agrees to comply with all terms and provisions thereof.

Being the same premises conveyed to the Grantor herein by deed dated December 22, 2005 and recorded on November 14, 2006 in CRFN 2006000629750.

TOGETHER with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above described premises to the center lines thereof; TOGETHER with the appurtenances and all the estate and rights of the party of the first part in and to said premises; TO HAVE AND TO HOLD the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

AND the party of the first part covenants that the party of the first part has not done or suffered anything whereby the said premises have been encumbered in any way whatever, except as aforesaid.
AND the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose.
The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.

**IN WITNESS WHEREOF,** the party of the first part has duly executed this deed the day and year first above written.

IN PRESENCE OF:

Grantor:

Elizabeth Hazan

TAX MAP
DESIGNATION

DIST.

SEC.

BLK: 1137

LOT(S): 1100

APT: 1A

STATE OF NEW YORK, COUNTY OF KINGS

On the 15th day of August the year 2011 before me, the undersigned, personally appeared Elizabeth Hazan personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_Sylvia M Wronowski_
NOTARY PUBLIC            SYLVIA M WRONOWSKI
                        Notary Public, State of New York
                        No. 01WR6196869
                        Qualified in Queens County
                        Commission Expires November 24, 2012

STATE OF NEW YORK, COUNTY OF KINGS

On the  day of February, 200 , before me personally came
to me known, who, being by me duly sworn, did depose and say that he resides at No.

that he is the  of, the corporation described in and which executed the foregoing instrument; that he signed his name thereto by order of the board of directors of said Corporation.

NOTARY PUBLIC

## *Bargain and Sale Deed*

WITH COVENANT AGAINST GRANTOR'S ACTS

_____

ELIZABETH HAZAN

TO

RAYMOND HOULE

RESERVE THIS SPACE FOR USE OF RECORDING OFFICE

STATE OF NEW YORK, COUNTY OF KINGS

On the  day of , 20  , before me personally came  and

to me known to be the individual(s) described in and who executed the foregoing instrument, and acknowledged that he/she/they executed the same.

NOTARY PUBLIC _____

STATE OF NEW YORK, COUNTY OF KINGS

On the  day of , 19 , before me personally came  the subscribing witness to the foregoing instrument, with whom I am personally acquainted, who, being by me duly sworn, did dispose and say that he resides at No. ; that he knows
                        to be the individual
described in and who executed the foregoing instrument; that he, said subscribing witness, was present and saw he/she/they execute the same; and that he, said witness, at the same time subscribed his name as witness thereto.

NOTARY PUBLIC

SECTION:

BLOCK : 1137

LOT : 1100

COUNTY OR TOWN: NEW YORK

TAX BILLING ADDRESS: 1 EAST 62ND STREET, APT. 1A

NEW YORK, NEW YORK

RETURN BY MAIL TO:

Elizabeth Hazan
6913 Fisher Island Drive
Miami, FL 33109

First American Title Insurance Company of New York

Commitment Number   KEN-F-34513-NY-NY

## SCHEDULE A
### PROPERTY DESCRIPTION

The land referred to in this Commitment is described as follows:

The Condominium Unit (hereinafter referred to as the "Unit") known as 1A in the Building (hereinafter referred to as the "Building") known as The Spencer Condominium and by the street number One East Sixty Second Street, Borough of Manhattan and State of New York, said Unit being designated and described as Residental Unit 1A in a certain declaration dated May 21, 1986, pursuant to Article 9-B of the Real Property Law of the State of New York (hereinafter referred to as the "Condominium Act"), establishing a plan for condominium ownership of the Building and the Land (hereinafter referred to as the "Land") upon which the Building is situate which Land is more particularly described in Schedule A annexed hereto and made a part hereof), which Declaration was recorded in the New York County Office of the Register of the City of New York on January 5, 1987 in Reel 1168 page 1229 (which declaration and amendments thereto are hereinafter collectively referred to as the "Declaration"). This Unit is also designated as Tax Lot 1100 Block 1377 of Section 5 of the Borough of Manhattan on the Tax Map of the Real Property Assessment Department of the City of New York on the Floor Plans of the Building, certified by William A. Hall on October 15, 1986 and filed with the Real Property Assessment Department of the City of New York on January 5, 1987 as Condominium Plan No. 379 and also filed in the City Register's Office on January 5, 1987.

TOGETHER with an undivided 5.03% interest in the Common Elements (as such is defined in the Declaration").

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough of Manhattan, City and State of New York, bounded and described as follows:

BEGINNING at a point on the northerly side of 62nd Street, distant 108 feet easterly from the corner formed by the intersection of the easterly side of 5th Avenue with the said northerly side of 62nd Street;

RUNNING THENCE northerly parallel with 5th Avenue, 100 feet 5 inches to the center line of the block;

THENCE easterly along said center line of the block and parallel with 62nd Street, 42 feet;

THENCE southerly, parallel with 5th Avenue and part of the distance through a party wall, 100 feet 5 inches to the northerly side of 62nd Street; and

THENCE westerly along the northerly side of 62nd Street, 42 feet to the point or place of BEGINNING.

BLOCK 1377      LOT 1100      UNIT 1A

FOR INFORMATION ONLY: Said premises are also known as 1 East 62nd Street No. 1A New York, New York.

ALTA Commitment
Schedule C

(KEN-F-34513-NY-NY.PFD/KEN-F-34513-NY-NY/8)

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**



2011081500311001001S10FF

| SUPPORTING DOCUMENT COVER PAGE | PAGE 1 OF 1 |
|---|---|

Document ID: 2011081500311001        Document Date: 08-15-2011        Preparation Date: 08-15-2011
Document Type: DEED

ASSOCIATED TAX FORM ID: 2011081500064

**SUPPORTING DOCUMENTS SUBMITTED:**

|  | Page Count |
|---|---|
| DEP CUSTOMER REGISTRATION FORM FOR WATER AND SEWER BILLING | 1 |
| RPTT FILING FEE EXEMPTION AFFIDAVIT | 5 |
| RP - 5217 REAL PROPERTY TRANSFER REPORT | 2 |
| SMOKE DETECTOR AFFIDAVIT | 1 |

**FOR CITY USE ONLY**

| C1. County Code | | C2. Date Deed Recorded | / Month / Day / Year |
|---|---|---|---|

C3. Book OR
C5. CRFN | | C4. Page | / / / / / |

**REAL PROPERTY TRANSFER REPORT**
STATE OF NEW YORK
STATE BOARD OF REAL PROPERTY SERVICES
# RP - 5217NYC
(Rev 11/2002)

## PROPERTY INFORMATION

**1. Property Location**   1   EAST 62ND STREET 1A      MANHATTAN     10065
STREET NUMBER      STREET NAME      BOROUGH      ZIP CODE

**2. Buyer Name**   HOULE      RAYMOND
LAST NAME / COMPANY      FIRST NAME

LAST NAME / COMPANY      FIRST NAME

**3. Tax Billing Address**   Indicate where future Tax Bills are to be sent if other than buyer address (at bottom of form)
LAST NAME / COMPANY      FIRST NAME

STREET NUMBER AND STREET NAME      CITY OR TOWN      STATE      ZIP CODE

**4. Indicate the number of Assessment Roll parcels transferred on the deed**   1   # of Parcels   OR   ☐ Part of a Parcel

**4A.** Planning Board Approval - N/A for NYC
**4B.** Agricultural District Notice - N/A for NYC

Check the boxes below as they apply:
**6.** Ownership Type is Condominium   ☐
**7.** New Construction on Vacant Land   ☐

**5. Deed Property Size**   FRONT FEET   X   DEPTH   OR   ACRES

**8. Seller Name**   HAZAN      ELIZABETH
LAST NAME / COMPANY      FIRST NAME

LAST NAME / COMPANY      FIRST NAME

**9. Check the box below which most accurately describes the use of the property at the time of sale:**

| A | ✓ One Family Residential | C | ☐ Residential Vacant Land | E | ☐ Commercial | G | ☐ Entertainment / Amusement | I | ☐ Industrial |
|---|---|---|---|---|---|---|---|---|---|
| B | ☐ 2 or 3 Family Residential | D | ☐ Non-Residential Vacant Land | F | ☐ Apartment | H | ☐ Community Service | J | ☐ Public Service |

## SALE INFORMATION

**10. Sale Contract Date**   8 / 15 / 2011
Month Day Year

**11. Date of Sale / Transfer**   8 / 15 / 2011
Month Day Year

**12. Full Sale Price $**   0

( Full Sale Price is the total amount paid for the property including personal property. This payment may be in the form of cash, other property or goods, or the assumption of mortgages or other obligations.) *Please round to the nearest whole dollar amount.*

**13. Indicate the value of personal property included in the sale**

**14. Check one or more of these conditions as applicable to transfer:**

| | |
|---|---|
| A | ☐ Sale Between Relatives or Former Relatives |
| B | ☐ Sale Between Related Companies or Partners in Business |
| C | ☐ One of the Buyers is also a Seller |
| D | ☐ Buyer or Seller is Government Agency or Lending Institution |
| E | ☐ Deed Type **not** Warranty or Bargain and Sale (Specify Below ) |
| F | ☐ Sale of Fractional or Less than Fee Interest ( Specify Below ) |
| G | ☐ Significant Change in Property Between Taxable Status and Sale Dates |
| H | ☐ Sale of Business is Included in Sale Price |
| I | ☐ Other Unusual Factors Affecting Sale Price ( Specify Below ) |
| J | ✓ None |

## ASSESSMENT INFORMATION - Data should reflect the latest Final Assessment Roll and Tax Bill

**15. Building Class**   R 4      **16. Total Assessed Value (of all parcels in transfer)**

**17. Borough, Block and Lot / Roll Identifier(s) ( If more than three, attach sheet with additional Identifier(s) )**

MANHATTAN 1377 1100

## CERTIFICATION   I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and I understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments.

**BUYER**   *Raymond Houle*   08.15.11
BUYER SIGNATURE      DATE

STREET NUMBER      STREET NAME (AFTER SALE)

CITY OR TOWN      STATE      ZIP CODE

**BUYER'S ATTORNEY**
LAST NAME      FIRST NAME

000 | 000-0000
AREA CODE   TELEPHONE NUMBER

**SELLER**   08.15.11
SELLER SIGNATURE      DATE

2011081500064201

| CERTIFICATION | I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments. |
|---|---|

**BUYER**

Laymand Houle                    08.15.11

| BUYER SIGNATURE | DATE |
|---|---|

**BUYER'S ATTORNEY**

| LAST NAME | FIRST NAME |
|---|---|

| 000 | 000-0000 |
|---|---|

| STREET NUMBER | STREET NAME (AFTER SALE) | AREA CODE | TELEPHONE NUMBER |
|---|---|---|---|

**SELLER**

08.15.11

| CITY OR TOWN | STATE | ZIP CODE | SELLER SIGNATURE | DATE |
|---|---|---|---|---|

2011081500064201

## AFFIDAVIT OF COMPLIANCE
## WITH SMOKE DETECTOR REQUIREMENT
## FOR ONE- AND TWO-FAMILY DWELLINGS

State of New York          )
                           ) SS.:
County of                  )

The undersigned, being duly sworn, depose and say under penalty of perjury that they are the grantor and grantee of the real property or of the cooperative shares in a cooperative corporation owning real property located at

| 1 EAST 62ND STREet | | 1A |
|---|---|---|
| **Street Address** | , | **Unit/Apt.** |

| MANHATTAN | New York, | 1377 | 1100 | (the "Premises"); |
|---|---|---|---|---|
| **Borough** | | **Block** | **Lot** | |

That the Premises is a one or two family dwelling, or a cooperative apartment or condominium unit in a one- or two-family dwelling, and that installed in the Premises is an approved and operational smoke detecting device in compliance with the provisions of Article 6 of Subchapter 17 of Chapter 1 of Title 27 of the Administrative Code of the City of New York concerning smoke detecting devices;

That they make affidavit in compliance with New York City Administrative Code Section 11-2105 (g). (The signatures of at least one grantor and one grantee are required, and must be notarized).

_Elizabeth Hazan_

**Name of Grantor** (Type or Print)

_(signature)_

**Signature of Grantor**

_Raymond Houle_

**Name of Grantee** (Type or Print)

_Raymond Houle_

**Signature of Grantee**

Sworn to before me
this 15th       date of August    19 2011

SYLVIA M WRONOWSKI
Notary Public, State of New York
No. 01WR6196869
Qualified in Queens County
Commission Expires November 24, 2012

Sworn to before me
this 15th       date of August    19 2011

SYLVIA M WRONOWSKI
Notary Public, State of New York
No. 01WR6196869
Qualified in Queens County
Commission Expires November 24, 2012

These statements are made with the knowledge that a willfully false representation is unlawful and is punishable as a crime of perjury under Article 210 of the Penal Law.

**NEW YORK CITY REAL PROPERTY TRANSFER TAX RETURNS FILED ON OR AFTER FEBRUARY 6th, 1990, WITH RESPECT TO THE CONVEYANCE OF A ONE- OR TWO-FAMILY DWELLING, OR A COOPERATIVE APARTMENT OR A CONDOMINIUM UNIT IN A ONE- OR TWO-FAMILY DWELLING, WILL NOT BE ACCEPTED FOR FILING UNLESS ACCOMPANIED BY THIS AFFIDAVIT.**

2011081500064101



**The City of New York**
**Department of Environmental Protection**
**Bureau of Customer Services**
**59-17 Junction Boulevard**
**Flushing, NY  11373-5108**

## Customer Registration Form for Water and Sewer Billing

### Property and Owner Information:

(1)   **Property receiving service: BOROUGH:  MANHATTAN**          **BLOCK: 1377**          **LOT:  1100**

(2)   **Property  Address: 1  EAST 62ND   STREET   Unit 1A, NEW YORK, NY 10065**

(3)   **Owner's Name:      HOULE , RAYMOND**

        **Additional Name:**

### Affirmation:

   Your water & sewer bills will be sent to the property address shown above.

### Customer Billing Information:

**Please Note:**

**A.**  Water and sewer charges are the legal responsibility of the owner of a property receiving water and/or sewer service. The owner's responsibility to pay such charges is not affected by any lease, license or other arrangement, or any assignment of responsibility for payment of such charges. Water and sewer charges constitute a lien on the property until paid. In addition to legal action against the owner, a failure to pay such charges when due may result in foreclosure of the lien by the City of New York, the property being placed in a lien sale by the City or Service Termination.

**B.**  Original bills for water and/or sewer service will be mailed to the owner, **at the property address or to an alternate mailing address**.  DEP will provide a duplicate copy of bills to one other party (such as a managing agent), however, any failure or delay by DEP in providing duplicate copies of bills shall in no way  relieve the owner from his/her liability to pay all outstanding water and sewer charges. Contact DEP at (718) 595-7000 during business hours or visit www.nyc.gov/dep to provide us with the other party's information.

### Owner's Approval:

The undersigned certifies that he/she/it is the owner of the property receiving service referenced above; that he/she/it has read and understands Paragraphs A & B under the section captioned "Customer Billing Information"; and that the information supplied by the undersigned on this form is true and complete to the best of his/her/its knowledge.

Print Name of Owner:

Signature: _Raymond Houle_____  Date (mm/dd/yyyy)

Name and Title of Person Signing for Owner, if applicable:

BCS-7CRF-ACRIS   REV. 8/08

2

2011081500064101

# NYC DEPARTMENT OF FINANCE
## OFFICE OF THE CITY REGISTER

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.



2011120900724001001E5EB1

| **RECORDING AND ENDORSEMENT COVER PAGE** | **PAGE 1 OF 3** |
|---|---|

| Document ID: **2011120900724001** | Document Date: 12-09-2011 | Preparation Date: 12-09-2011 |
|---|---|---|

Document Type: DEED
Document Page Count: 2

| **PRESENTER:** | **RETURN TO:** |
|---|---|
| MARZEC LAW FIRM | 9221-0228 QUEBECK, INC. |
| 225 BROADWAY | 1 EAST 62ND STREET |
| SUITE 3000 | APT. 1A |
| NEW YORK, NY  10007 | NEW YORK, NY  10065 |
| 212-267-0200 | |
| dmarzec@marzeclaw.com | |

## PROPERTY DATA

| Borough | Block | Lot | | Unit | Address |
|---|---|---|---|---|---|
| MANHATTAN | 1377 | 1100 | Entire Lot | 1A | 1 EAST 62ND STREET |

**Property Type:** MULTIPLE RESIDENTIAL CONDO UNT

## CROSS REFERENCE DATA

**CRFN:** 2011000295677

## PARTIES

| **GRANTOR/SELLER:** | **GRANTEE/BUYER:** |
|---|---|
| RAYMOND HOULE | 9221-0228 QUEBEC, INC. |
| 1 EAST 62ND STREET, APT. 1A | 1 EAST 62ND STREET, APT. 1A |
| NEW YORK, NY  10065 | NEW YORK, NY  10065 |

## FEES AND TAXES

| **Mortgage** | | | Filing Fee: | | |
|---|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ | 250.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | | |
| Exemption: | | | | $ | 0.00 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | | |
| City (Additional): | $ | 0.00 | | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | | |
| TASF: | $ | 0.00 | | | |
| MTA: | $ | 0.00 | | | |
| NYCTA: | $ | 0.00 | | | |
| Additional MRT: | $ | 0.00 | | | |
| TOTAL: | $ | 0.00 | | | |
| Recording Fee: | $ | 47.00 | | | |
| Affidavit Fee: | $ | 0.00 | | | |

**RECORDED OR FILED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK**

Recorded/Filed          12-29-2011 16:19
City Register File No.(CRFN):
**2011000452186**

*Annette M. Hill*

***City Register Official Signature***

Form 8002* 5/85 - 25M--Bargain and Sale Deed with Covenant against Grantor's Acts-Individual or Corporation. (single sheet)

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT-THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

THIS INDENTURE, made the    9th   day of December , 2011

BETWEEN

**RAYMOND HOULE,**
**residing at 1 East 62nd Street, Apt. 1A, New York, NY 10065**

party of the first part, and

**9221-0228 QUEBEC, INC.**
**located at 1 East 62nd Street, Apt. 1A, New York, NY 10065**

party of the second part,

**WITNESSETH,** that the party of the first part, in consideration of  ten dollars [$10.00] and other valuable consideration  paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the

SEE SCHEDULE A ANNEXED HERETO AND MADE A PERT OF HEREOF.

Except as otherwise specificially permitted by the Condominium Board (as such term is defined in the Declaration) or provided in the Declaration or in the By-Laws, the Unit is intended for residential use only.

By accepting this Deed, the Grantee accepts and ratifies the provisions of the Declaration and the By-Laws (and any Rules and Regulations adopted under the By-Laws) and agrees to comply with all terms and provisions thereof.

Being the same premises conveyed to the Grantor herein by deed dated August 15, 2011 and recorded on In CRFN 2011081500064

TOGETHER with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above described premises to the center lines thereof; TOGETHER with the appurtenances and all the estate and rights of the party of the first part in and to said premises; TO HAVE AND TO HOLD the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

AND the party of the first part covenants that the party of the first part has not done or suffered anything whereby the said premises have been encumbered in any way whatever, except as aforesaid.
AND the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose.
The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.

**IN WITNESS WHEREOF,** the party of the first part has duly executed this deed the day and year first above written.

IN PRESENCE OF:

TAX MAP
DESIGNATIO
N

DIST.

SEC.

BLK: 1137

LOT(S): 1100

APT: 1A

Grantor:

Raymond Houle

STATE OF NEW YORK, COUNTY OF KINGS

On the 9th day of December the year 2011 before me, the undersigned, personally appeared **Raymond Houle** personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_Sylvia M. Wronowski_        **SEAL**

NOTARY PUBLIC

**SYLVIA M WRONOWSKI**
**Notary Public, State of New York**
**No. 01WR6196869**
**Qualified in Queens County**
**Commission Expires November 24, 2012**

STATE OF NEW YORK, COUNTY OF KINGS

On the day of        , 200, before me personally came
to me known, who, being by me duly sworn, did depose and say that he resides at No.

that he is the    of, the corporation described in and which executed the foregoing instrument; that he signed his name thereto by order of the board of directors of said Corporation.

NOTARY PUBLIC

## *Bargain and Sale Deed*

WITH COVENANT AGAINST GRANTOR'S ACTS

---

RAYMOND HOULE

TO

9221-0228 Quebec, Inc.

RESERVE THIS SPACE FOR USE OF RECORDING OFFICE

STATE OF NEW YORK, COUNTY OF KINGS

On the day of , 20  , before me personally came  and

to me known to be the individual(s) described in and who executed the foregoing instrument, and acknowledged that he/she/they executed the same.

NOTARY PUBLIC

STATE OF NEW YORK, COUNTY OF KINGS

On the  day of , 19, before me personally came  the subscribing witness to the foregoing instrument, with whom I am personally acquainted, who, being by me duly sworn, did dispose and say that he resides at No. ; that he knows
                    to be the individual
described in and who executed the foregoing instrument; that he, said subscribing witness, was present and saw he/she/they execute the same; and that he, said witness, at the same time subscribed his name as witness thereto.

NOTARY PUBLIC

SECTION:

BLOCK : 1137

LOT : 1100

COUNTY OR TOWN: NEW YORK

TAX BILLING ADDRESS: 1 EAST 62ND STREET, APT. 1A

NEW YORK, NEW YORK

RETURN BY MAIL TO:

Marzec Law Firm
225 Broadway, S. 3000
New York, NY 10007

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**



2011120900724001001S9030

| **SUPPORTING DOCUMENT COVER PAGE** | **PAGE 1 OF 1** |
|---|---|

**Document ID: 2011120900724001**    Document Date: 12-09-2011    Preparation Date: 12-09-2011
Document Type: DEED

**ASSOCIATED TAX FORM ID: 2011120900210**

**SUPPORTING DOCUMENTS SUBMITTED:**

| | Page Count |
|---|---|
| DEP CUSTOMER REGISTRATION FORM FOR WATER AND SEWER BILLING | 1 |
| RP - 5217 REAL PROPERTY TRANSFER REPORT | 2 |
| SMOKE DETECTOR AFFIDAVIT | 1 |

**FOR CITY USE ONLY**

| C1. County Code | C2. Date Deed Recorded | Month | Day | Year |
| --- | --- | --- | --- | --- |

| C3. Book OR | | C4. Page | |
| --- | --- | --- | --- |

C5. CRFN

**REAL PROPERTY TRANSFER REPORT**
STATE OF NEW YORK
STATE BOARD OF REAL PROPERTY SERVICES

# RP - 5217NYC

## PROPERTY INFORMATION

**1. Property Location**  1  EAST 62ND STREET  1A    MANHATTAN    10065
STREET NUMBER    STREET NAME    BOROUGH    ZIP CODE

**2. Buyer Name**  9221-0228 QUEBEC, INC.
LAST NAME / COMPANY    FIRST NAME
LAST NAME / COMPANY    FIRST NAME

**3. Tax Billing Address**  Indicate where future Tax Bills are to be sent if other than buyer address (at bottom of form)
LAST NAME / COMPANY    FIRST NAME
STREET NUMBER AND STREET NAME    CITY OR TOWN    STATE    ZIP CODE

**4. Indicate the number of Assessment Roll parcels transferred on the deed**  1  # of Parcels OR ☐ Part of a Parcel

**4A. Planning Board Approval - N/A for NYC**
**4B. Agricultural District Notice - N/A for NYC**

**5. Deed Property Size**  ___ X ___ OR ___
FRONT FEET    DEPTH    ACRES

Check the boxes below as they apply:
**6. Ownership Type is Condominium** ☐
**7. New Construction on Vacant Land** ☐

**8. Seller Name**  HOULE    RAYMOND
LAST NAME / COMPANY    FIRST NAME
LAST NAME / COMPANY    FIRST NAME

**9. Check the box below which most accurately describes the use of the property at the time of sale:**

| A | ☐ One Family Residential | C | ☐ Residential Vacant Land | E | ☐ Commercial | G | ☐ Entertainment / Amusement | I | ☐ Industrial |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| B | ☑ 2 or 3 Family Residential | D | ☐ Non-Residential Vacant Land | F | ☐ Apartment | H | ☐ Community Service | J | ☐ Public Service |

## SALE INFORMATION

**10. Sale Contract Date**  12 / 9 / 2011
Month  Day  Year

**11. Date of Sale / Transfer**  12 / 9 / 2011
Month  Day  Year

**12. Full Sale Price** $  0
( Full Sale Price is the total amount paid for the property including personal property. This payment may be in the form of cash, other property or goods, or the assumption of mortgages or other obligations.)  Please round to the nearest whole dollar amount.

**13. Indicate the value of personal property included in the sale**  ___

**14. Check one or more of these conditions as applicable to transfer:**

| A | ☐ Sale Between Relatives or Former Relatives |
| --- | --- |
| B | ☐ Sale Between Related Companies or Partners in Business |
| C | ☐ One of the Buyers is also a Seller |
| D | ☐ Buyer or Seller is Government Agency or Lending Institution |
| E | ☐ Deed Type not Warranty or Bargain and Sale (Specify Below ) |
| F | ☐ Sale of Fractional or Less than Fee Interest ( Specify Below ) |
| G | ☐ Significant Change in Property Between Taxable Status and Sale Dates |
| H | ☐ Sale of Business is Included in Sale Price |
| I | ☐ Other Unusual Factors Affecting Sale Price ( Specify Below ) |
| J | ☑ None |

## ASSESSMENT INFORMATION  - Data should reflect the latest Final Assessment Roll and Tax Bill

**15. Building Class**  R 4    **16. Total Assessed Value  (of all parcels in transfer)**  1 0 6 3 2 8

**17. Borough, Block and Lot / Roll Identifier(s)  ( If more than three, attach sheet with additional identifier(s) )**

MANHATTAN 1377  1100

201112090021020101

**CERTIFICATION**    I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments.

*Raymond Houle*    BUYER   12/9/2011    PRO SE      **BUYER'S ATTORNEY**

BUYER SIGNATURE      DATE        LAST NAME        FIRST NAME

1 EAST 62ND STREET  APT. 1A      000    000-0000

STREET NUMBER    STREET NAME (AFTER SALE)      AREA CODE     TELEPHONE NUMBER

NEW YORK      SELLER

     NY    10065    *Raymond Houle*    12/09/2011

CITY OR TOWN      STATE    ZIP CODE      SELLER SIGNATURE        DATE

2011120900210201

## AFFIDAVIT OF COMPLIANCE
## WITH SMOKE DETECTOR REQUIREMENT
## FOR ONE- AND TWO-FAMILY DWELLINGS

State of New York        )
                         ) SS.:
County of                )

The undersigned, being duly sworn, depose and say under penalty of perjury that they are the grantor and grantee of the real property or of the cooperative shares in a cooperative corporation owning real property located at

| 1 EAST 62ND STREET | , | 1A | , |
|---|---|---|---|
| Street Address | | Unit/Apt. | |

| MANHATTAN | New York, | 1377 | 1100 | (the "Premises"); |
|---|---|---|---|---|
| Borough | | Block | Lot | |

That the Premises is a one or two family dwelling, or a cooperative apartment or condominium unit in a one- or two-family dwelling, and that installed in the Premises is an approved and operational smoke detecting device in compliance with the provisions of Article 6 of Subchapter 17 of Chapter 1 of Title 27 of the Administrative Code of the City of New York concerning smoke detecting devices;

That they make affidavit in compliance with New York City Administrative Code Section 11-2105 (g). (The signatures of at least one grantor and one grantee are required, and must be notarized).

| RAYMOND HOULE | 9221-0228 QUEBEC, INC. |
|---|---|
| Name of Grantor (Type or Print) | Name of Grantee (Type or Print) |
| *Raymond Houle* | *Raymond Houle* |
| Signature of Grantor | Signature of Grantee |

SEAL

Sworn to before me
this _____ date of _December_ 20 __

SYLVIA M WRONOWSKI
Notary Public, State of New York
No. 01WR6196869
Qualified in Queens County
Commission Expires November 24, 2012

Sworn to before me
this _____ date of _December_ 20 11

SYLVIA M WRONOWSKI
Notary Public, State of New York
No. 01WR6196869
Qualified in Queens County
Commission Expires November 24, 2012

These statements are made with the knowledge that a willfully false representation is unlawful and is punishable as a crime of perjury under Article 210 of the Penal Law.

**NEW YORK CITY REAL PROPERTY TRANSFER TAX RETURNS FILED ON OR AFTER FEBRUARY 6th, 1990, WITH RESPECT TO THE CONVEYANCE OF A ONE- OR TWO-FAMILY DWELLING, OR A COOPERATIVE APARTMENT OR A CONDOMINIUM UNIT IN A ONE-OR TWO-FAMILY DWELLING, WILL NOT BE ACCEPTED FOR FILING UNLESS ACCOMPANIED BY THIS AFFIDAVIT.**

1

2011120900210101



**The City of New York**
**Department of Environmental Protection**
**Bureau of Customer Services**
**59-17 Junction Boulevard**
**Flushing, NY 11373-5108**

## Customer Registration Form for Water and Sewer Billing

### Property and Owner Information:

(1)  **Property receiving service: BOROUGH: MANHATTAN**          **BLOCK: 1377**          **LOT: 1100**

(2)  **Property Address: 1 EAST 62ND STREET  Unit 1A, NEW YORK, NY 10065**

(3)  **Owner's Name:      9221-0228 QUEBEC, INC.**

    **Additional Name:**

### Affirmation:

 Your water & sewer bills will be sent to the property address shown above.

### Customer Billing Information:

**Please Note:**

**A.** Water and sewer charges are the legal responsibility of the owner of a property receiving water and/or sewer service. The owner's responsibility to pay such charges is not affected by any lease, license or other arrangement, or any assignment of responsibility for payment of such charges. Water and sewer charges constitute a lien on the property until paid. In addition to legal action against the owner, a failure to pay such charges when due may result in foreclosure of the lien by the City of New York, the property being placed in a lien sale by the City or Service Termination.

**B.** Original bills for water and/or sewer service will be mailed to the owner, **at the property address or to an alternate mailing address**. DEP will provide a duplicate copy of bills to one other party (such as a managing agent), however, any failure or delay by DEP in providing duplicate copies of bills shall in no way  relieve the owner from his/her liability to pay all outstanding water and sewer charges. Contact DEP at (718) 595-7000 during business hours or visit www.nyc.gov/dep to provide us with the other party's information.

### Owner's Approval:

The undersigned certifies that he/she/it is the owner of the property receiving service referenced above; that he/she/it has read and understands Paragraphs A & B under the section captioned "Customer Billing Information"; and that the information supplied by the undersigned on this form is true and complete to the best of his/her/its knowledge.

Print Name of Owner:

Signature: _Raymond Noule_                   _12/9/11_ Date (mm/dd/yyyy)

Name and Title of Person Signing for Owner, if applicable:

BCS-7CRF-ACRIS  REV. 8/08

2

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument.The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.



2013072200949001001E2886

| RECORDING AND ENDORSEMENT COVER PAGE | | PAGE 1 OF 3 |
|---|---|---|
| Document ID: **2013072200949001** | Document Date: 07-22-2013 | Preparation Date: 07-22-2013 |
| Document Type: DEED | | |
| Document Page Count: 2 | | |

| PRESENTER: | RETURN TO: |
|---|---|
| REAL ESTATE HOLDING TRUST<br>1 E 62 STREET<br>NEW YORK, NY 10065<br>212-267-0200<br>REALESTATEHOLDINGTRUST@OUTLOOK.COM | REAL ESTATE HOLDING TRUST<br>1 E 62 STREET<br>NEW YORK, NY 10065<br>212-267-0200<br>REALESTATEHOLDINGTRUST@OUTLOOK.COM |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| MANHATTAN | 1377 | 1100 | Entire Lot  1A | 1 EAST 62 STREET |
| **Property Type:** | SINGLE RESIDENTIAL CONDO UNIT | | | |

### CROSS REFERENCE DATA

**CRFN:** 2011000452186

### PARTIES

| GRANTOR/SELLER: | GRANTEE/BUYER: |
|---|---|
| 9221-0228 QUEBEC, INC<br>11020 ARMAND-LAVERGNE<br>MONTREAL, QUEBEC H1H3P5<br>CANADA | REAL ESTATE HOLDINGS GROUP, LDC<br>60 MARKET SQUARE<br>BELIZE CITY<br>BELIZE |

### FEES AND TAXES

| Mortgage : | | | Filing Fee: | | |
|---|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ | 125.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | | |
| Exemption: | | | | $ | 0.00 |
| TAXES:   County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | | |
| City (Additional): | $ | 0.00 | | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | **RECORDED OR FILED IN THE OFFICE** | | |
| TASF: | $ | 0.00 | **OF THE CITY REGISTER OF THE** | | |
| MTA: | $ | 0.00 | **CITY OF NEW YORK** | | |
| NYCTA: | $ | 0.00 | Recorded/Filed          08-12-2013 16:17 | | |
| Additional MRT: | $ | 0.00 | City Register File No.(CRFN): | | |
| TOTAL: | $ | 0.00 | **2013000317610** | | |
| Recording Fee: | $ | 47.00 | | | |
| Affidavit Fee: | $ | 0.00 | | | |

*City Register Official Signature*

Form 8002* 5/85 - 25M--Bargain and Sale Deed with Covenant against Grantor's Acts-Individual or Corporation. (single sheet)

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT-THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

THIS INDENTURE, made the    22nd    day of July , 2013

BETWEEN

**9221-0228 QUEBEC, INC,**
**located at 11020, Armand-Lavergne, Montreal-Nord (Quebec) H1H3P5**

party of the first part, and

**REAL ESTATE HOLDINGS GROUP, L.D.C.**
**located at 60 Market Square, Belize City, Belize**

party of the second part,

**WITNESSETH,** that the party of the first part, in consideration of  ten dollars [$10.00] and other valuable consideration  paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the

SEE SCHEDULE A ANNEXED HERETO AND MADE A PART OF HEREOF.

Except as otherwise specifically permitted by the Condominium Board (as such term is defined in the Declaration) or provided in the Declaration or in the By-Laws, the Unit is intended for residential use only.

By accepting this Deed, the Grantee accepts and ratifies the provisions of the Declaration and the By-Laws (and any Rules and Regulations adopted under the By-Laws) and agrees to comply with all terms and provisions thereof.

Being the same premises conveyed to the Grantor herein by deed dated December 29, 2011 and recorded on In CRFN 2011000452186

TOGETHER with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above described premises to the center lines thereof; TOGETHER with the appurtenances and all the estate and rights of the party of the first part in and to said premises; TO HAVE AND TO HOLD the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

AND the party of the first part covenants that the party of the first part has not done or suffered anything whereby the said premises have been encumbered in any way whatever, except as aforesaid.
AND the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose.
The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.

**IN WITNESS WHEREOF,** the party of the first part has duly executed this deed the day and year first above written.

IN PRESENCE OF:

TAX MAP
DESIGNATION

DIST.

SEC.

BLK: 1137

LOT(S): 1100

APT: 1A

Grantor: 9221-0228 Quebec, Inc.

By: _Raymond Houle_
Raymond Houle, Director

STATE OF NEW YORK, COUNTY OF KINGS

On the 22ᵀᴴ day of July the year 2013 before me, the undersigned, personally appeared Raymond Houle personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
NOTARY PUBLIC

> EDYTA A PIECHOTA
> NOTARY PUBLIC STATE OF NEW YORK
> QUEENS COUNTY
> LIC. #01PI6229492
> COMM. EXP. October 12, 24Y

STATE OF NEW YORK, COUNTY OF NEW YORK

On the 22ⁿᵈ day of July 2013 before me personally came Raymond Houle to me known, who, being by me duly sworn, did depose and say that he resides at 11020, Armand-Lavergne, Montreal-Nord (Quebec) H1H3P5 that he is the of, the corporation described in and which executed the foregoing instrument; that he signed his name thereto by order of the board of directors of said Corporation.

_____
NOTARY PUBLIC

# *Bargain and Sale Deed*

## WITH COVENANT AGAINST GRANTOR'S ACTS

---

9221-0228 Quebec, Inc.

TO

Real Estate Holdings Group, L.D.C.

RESERVE THIS SPACE FOR USE OF RECORDING OFFICE

STATE OF NEW YORK, COUNTY OF KINGS

On the    day of ____, 20__, before me personally came Raymond Houle, to me known to be the individual(s) described in and who executed the foregoing instrument, and acknowledged that   he/she/they executed the same.

_____
NOTARY PUBLIC

STATE OF NEW YORK, COUNTY OF NEW YORK

On the    day of , 19, before me personally came   the subscribing witness to the foregoing instrument, with whom I am personally acquainted, who, being by me duly sworn, did dispose and say that he resides at No. ; that he knows
                              to be the individual
described in and who executed the foregoing instrument; that he, said subscribing witness, was present and saw he/she/they execute the same; and that he, said witness, at the same time subscribed his name as witness thereto.

_____
NOTARY PUBLIC

SEAL

SECTION:

BLOCK : 1137

LOT : 1100

COUNTY OR TOWN: NEW YORK

TAX BILLING ADDRESS: 1 EAST 62ᴺᴰ STREET, APT. 1A

NEW YORK, NEW YORK

RETURN BY MAIL TO:

Owner
1 East 62nd Street, Apt. 1A
New York, NY 10065

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**



2013072200949001001SE607

| SUPPORTING DOCUMENT COVER PAGE | | PAGE 1 OF 1 |
|---|---|---|
| **Document ID: 2013072200949001** | Document Date: 07-22-2013 | Preparation Date: 07-22-2013 |
| Document Type: DEED | | |

**ASSOCIATED TAX FORM ID:**   2013072200298

**SUPPORTING DOCUMENTS SUBMITTED:**

| | Page Count |
|---|---|
| DEP CUSTOMER REGISTRATION FORM FOR WATER AND SEWER BILLING | 1 |
| RP - 5217 REAL PROPERTY TRANSFER REPORT | 2 |
| SMOKE DETECTOR AFFIDAVIT | 1 |

**REAL PROPERTY TRANSFER REPORT**

STATE OF NEW YORK
STATE BOARD OF REAL PROPERTY SERVICES

# RP - 5217NYC

| FOR CITY USE ONLY | |
|---|---|
| C1. County Code | |
| C2. Date Deed Recorded | Month / Day / Year |
| C3. Book OR | C4. Page |
| C5. CRFN | |

## PROPERTY INFORMATION

**1. Property Location**
STREET NUMBER: 1    STREET NAME: EAST 62 STREET 1A    BOROUGH: MANHATTAN    ZIP CODE: 10065

**2. Buyer Name**
LAST NAME / COMPANY: REAL ESTATE HOLDINGS GROUP, LDC    FIRST NAME:

**3. Tax Billing Address**
Indicate where future Tax Bills are to be sent if other than buyer address (at bottom of form)
LAST NAME / COMPANY     FIRST NAME
STREET NUMBER AND STREET NAME     CITY OR TOWN     STATE     ZIP CODE

**4. Indicate the number of Assessment Roll parcels transferred on the deed** 1 # of Parcels OR ☐ Part of a Parcel

**5. Deed Property Size** FRONT FEET ___ X DEPTH ___ OR ACRES ___

**4A. Planning Board Approval - N/A for NYC**
**4B. Agricultural District Notice - N/A for NYC**

Check the boxes below as they apply:
**6. Ownership Type is Condominium** ☐
**7. New Construction on Vacant Land** ☐

**8. Seller Name**
LAST NAME / COMPANY: 9221-0228 QUEBEC, INC    FIRST NAME:

**9. Check the box below which most accurately describes the use of the property at the time of sale:**

| | | | | |
|---|---|---|---|---|
| A ☑ One Family Residential | C ☐ Residential Vacant Land | E ☐ Commercial | G ☐ Entertainment / Amusement | I ☐ Industrial |
| B ☐ 2 or 3 Family Residential | D ☐ Non-Residential Vacant Land | F ☐ Apartment | H ☐ Community Service | J ☐ Public Service |

## SALE INFORMATION

**10. Sale Contract Date** 7 / 22 / 2013 (Month / Day / Year)

**11. Date of Sale / Transfer** 7 / 22 / 2013 (Month / Day / Year)

**12. Full Sale Price** $ 0

( Full Sale Price is the total amount paid for the property including personal property. This payment may be in the form of cash, other property or goods, or the assumption of mortgages or other obligations.) *Please round to the nearest whole dollar amount.*

**13. Indicate the value of personal property included in the sale**

**14. Check one or more of these conditions as applicable to transfer:**

| | |
|---|---|
| A ☐ | Sale Between Relatives or Former Relatives |
| B ☐ | Sale Between Related Companies or Partners in Business |
| C ☐ | One of the Buyers is also a Seller |
| D ☐ | Buyer or Seller is Government Agency or Lending Institution |
| E ☐ | Deed Type **not** Warranty or Bargain and Sale (Specify Below ) |
| F ☐ | Sale of Fractional or Less than Fee Interest ( Specify Below ) |
| G ☐ | Significant Change in Property Between Taxable Status and Sale Dates |
| H ☐ | Sale of Business is Included in Sale Price |
| I ☐ | Other Unusual Factors Affecting Sale Price ( Specify Below ) |
| J ☑ | None |

## ASSESSMENT INFORMATION  - Data should reflect the latest Final Assessment Roll and Tax Bill

**15. Building Class** R, 4    **16. Total Assessed Value (of all parcels in transfer)** 1 0 8 3 0 7

**17. Borough, Block and Lot / Roll Identifier(s)  ( If more than three, attach sheet with additional identifier(s) )**

MANHATTAN 1377 1100

## Signature (both the grantor(s) and grantee(s) must sign)

The undersigned certify that the above information contained in schedules A, B, and C, including any return, certification, schedule, or attachment, is to the best of his/her knowledge, true and complete, and authorize the person(s) submitting such form on their behalf to receive a copy for purposes of recording the deed or other instrument effecting the conveyance.

| | | | |
|---|---|---|---|
| Grantor signature | Title | Grantee signature | Title |
| Grantor signature | Title | Grantee signature | Title |

2013072200298301

# AFFIDAVIT OF COMPLIANCE
# WITH SMOKE DETECTOR REQUIREMENT
# FOR ONE- AND TWO-FAMILY DWELLINGS

State of New York    )
                     ) SS.:
County of            )

The undersigned, being duly sworn, depose and say under penalty of perjury that they are the grantor and grantee of the real property or of the cooperative shares in a cooperative corporation owning real property located at

| 1 EAST 62 STREET | , | 1A | , |
| Street Address | | Unit/Apt. | |

| MANHATTAN | New York, | 1377 | 1100 | (the "Premises"); |
| Borough | | Block | Lot | |

That the Premises is a one or two family dwelling, or a cooperative apartment or condominium unit in a one- or two-family dwelling, and that installed in the Premises is an approved and operational smoke detecting device in compliance with the provisions of Article 6 of Subchapter 17 of Chapter 1 of Title 27 of the Administrative Code of the City of New York concerning smoke detecting devices;

That they make affidavit in compliance with New York City Administrative Code Section 11-2105 (g). (The signatures of at least one grantor and one grantee are required, and must be notarized).

| Name of Grantor (Type or Print) | Name of Grantee (Type or Print) |
| --- | --- |
| Signature of Grantor | Signature of Grantee |

Sworn to before me                     Sworn to before me
this ___ date of __July__ 20 13        this __22__ date of __July__ 20 13

EDYTA A PIECHOTA
NOTARY PUBLIC STATE OF NEW YORK
QUEENS COUNTY
LIC. #01PI6229492

SEAL

EDYTA A PIECHOTA
NOTARY PUBLIC STATE OF NEW YORK
QUEENS COUNTY
LIC. #01PI6229492

These statements are made with the knowledge that a willfully false representation is unlawful and is punishable as a crime of perjury under Article 210 of the Penal Law.

**NEW YORK CITY REAL PROPERTY TRANSFER TAX RETURNS FILED ON OR AFTER FEBRUARY 6th, 1990, WITH RESPECT TO THE CONVEYANCE OF A ONE- OR TWO-FAMILY DWELLING, OR A COOPERATIVE APARTMENT OR A CONDOMINIUM UNIT IN A ONE- OR TWO-FAMILY DWELLING, WILL NOT BE ACCEPTED FOR FILING UNLESS ACCOMPANIED BY THIS AFFIDAVIT.**

1

2013072200298101



**The City of New York**
**Department of Environmental Protection**
**Bureau of Customer Services**
**59-17 Junction Boulevard**
**Flushing, NY  11373-5108**

( www.nyc.gov/dep )

# Customer Registration Form for Water and Sewer Billing

## Property and Owner Information:

(1)   Property receiving service: BOROUGH: **MANHATTAN**          BLOCK: **1377**          LOT: **1100**

(2)   Property Address: **1  EAST 62 STREET   Unit 1A, NEW YORK, NY 10065**

(3)   Owner's Name:      **REAL ESTATE HOLDINGS GROUP, LDC**

   Additional Name:

## Affirmation:

   Your water & sewer bills will be sent to the property address shown above.

## Customer Billing Information:

### Please Note:

**A.**  Water and sewer charges are the legal responsibility of the owner of a property receiving water and/or sewer service. The owner's responsibility to pay such charges is not affected by any lease, license or other arrangement, or any assignment of responsibility for payment of such charges. Water and sewer charges constitute a lien on the property until paid. In addition to legal action against the owner, a failure to pay such charges when due may result in foreclosure of the lien by the City of New York, the property being placed in a lien sale by the City or Service Termination.

**B.**  Original bills for water and/or sewer service will be mailed to the owner, **at the property address or to an alternate mailing address**.  DEP will provide a duplicate copy of bills to one other party (such as a managing agent), however, any failure or delay by DEP in providing duplicate copies of bills shall in no way relieve the owner from his/her liability to pay all outstanding water and sewer charges. Contact DEP at (718) 595-7000 during business hours or visit www.nyc.gov/dep to provide us with the other party's information.

## Owner's Approval:

The undersigned certifies that he/she/it is the owner of the property receiving service referenced above; that he/she/it has read and understands Paragraphs A & B under the section captioned "Customer Billing Information"; and that the information supplied by the undersigned on this form is true and complete to the best of his/her/its knowledge.

Print Name of Owner:

Signature: _____   7/22/1?  Date (mm/dd/yyyy)

Name and Title of Person Signing for Owner, if applicable:

CS-7CRF-ACRIS  REV. 8/08

2

2013072200298101

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------X
U.S. Bank National Association, as trustee, on behalf of the
Holders of the HarborView Mortgage Loan Trust 2006-1
Mortgage  Loan Pass-Through Certificates, series 2006-1
                                                    **Plaintiff,**

                  -against-


Elizabeth Hazan, Real Estate Holdings Group, L.D.C.,
Mortgage Electronic Registration Systems, inc., acting solely as
a nominee for America's Wholesale Lender, The Board of
Managers of The Spencer Condominium, NLG, LLC, New
York City Department of Finance, New York State Department
of Taxation and Finance and "JOHN DOE#1" through "JOHN
DOE#10", the last ten names being fictious and unknown to
the plaintiff, the person or parties intended being the persons or
parties, if any, having or claiming an interest in or lien upon the
mortgaged premises described in the Complaint,



                                                    **Defendants**.
-------------------------------------------------------------------------X

**Index#:850240-2014**

AFFIRMATION IN
OPPOSITION TO CROSS-
MOTION FOR DEFAULT
JUDGMENT AND FOR
<u>MOTION TO DISMISS</u>


STATE OF NEW YORK          )
                           )     ss.:
COUNTY OF KINGS            )


SEAN NEIL MEEHAN, being first duly sworn, deposes and says:

1.      I am the member of Real Estate Holding Group, L.D.C. ("REHG"), defendant in the

instant action and am duly authorized to make this affidavit.  I am asking that this Court dismiss

the Plaintiff's complaint based on the lack of personal jurisdiction over REHG.

2.      I have personal knowledge of all facts contained herein.

3.      I reviewed the purported Affidavit of Service outrageously claiming that REHG was

served. Neither I, nor REHG, was ever served with a Summons and Complaint, any case notices,

or letters in any manner whatsoever, and in any location whatsoever.

4.      The Summons and Complaint is claimed to have been served on REHG through the New York Secretary of State. See **Exhibit A**. It is inexplicable why Plaintiff would submit that the service on the New York State Secretary of State qualifies as proper service as REHG is not a New York Corporation or Limited Liability Company. Attached as **Exhibit B** are print outs from the New York Department of State website showing search results that REHG is not a domestic or a registered/authorized business entity.

5.      REHG is in fact a Belize formed Limited Duration Company, and is not registered with the New York State Secretary of State.  Annexed as **Exhibit C** is a true copy of the Certificate of Incorporation with Memorandum of Association and Articles of Association.  Since the date of filing of the Complaint on July 1, 2014, until the date of this affidavit, I have not been served in any manner whatsoever. No other person is authorized to accept service on REHG's behalf and clearly -not the New York Secretary of State.

6.      At the time of the alleged service, because of a dispute with the condominium board, REHG and I were locked out of the premises per court order annexed as **Exhibit D**. Nevertheless, there was no mail correspondence from the Secretary of State at the address of the premises at 1 East 62nd Street, Apt. 1A, New York, NY.  It would be impossible as the Secretary of State never had any address on file for REHG.  None of the alleged actions by Plaintiff provided notice to REHG of this suit.  I did not learn about this suit until recently.

7.      REHG joins and adopts the motion and affidavit of Elizabeth Hazan requesting that this case be dismissed on jurisdictional grounds, and in the alterative, on the grounds raised in the motion papers.  Elizabeth Hazan's affidavit is hereby incorporated herein in its entirety by reference.  The purported cross-motion should be denied as a nullity as REHG was not served at

all. Moreover, REHG has good and valid defenses to this action as presented in the motion to dismiss.

8.     REHG has not requested the relief herein previously.

WHEREFORE, REHG now moves for the following court order:

1.     Pursuant to CPLR § 3211(a)(8), dismissing the case for failure to obtain jurisdiction over the moving defendants;

IN THE ALTERNATIVE, SHOULD THIS COURT FIND THAT JURISDICTION HAS BEEN ESTABLISHED AGAINST THE MOVING DEFENDANTS :

2.     Pursuant to CPLR § 3211(a)(5), dismissing Plaintiff's Complaint, with prejudice, on the ground that the Complaint is time barred pursuant to the six-year statute of limitations—established by CPLR § 213(4)—which has now expired;

3.     Pursuant to CPLR § 3211(a)(7), dismissing Plaintiff's complaint with prejudice, for failure to state a cause of action against the moving defendants;

4.     Pursuant to CPLR § 3211(a)(1), dismissing Plaintiff's complaint with prejudice as a defense is founded upon documentary evidence;

5.     Pursuant to CPLR 3211(a)(2) dismissing the complaint for lack of subject matter jurisdiction;

6.     Pursuant to CPLR 3211(a)(3) for lack of capacity / standing to sue;

7.     In the alternative, should the all Court deny relief to the moving defendants as per above, for leave to file an answer in this case to proceed to discovery with the meritorious defenses as laid out in this motion, and other grounds; and

8.     For such and other and further relief that this Court may deem appropriate.

Dated: New York, New York
      July 1, 2015

Sean Neil Meehan
Manager,
Real Estate Holdings Group, L.D.C.

Sworn to before me this
1st day of July 2015

NOTARY PUBLIC

Darius A Marzec
Notary Public State of New York
No. 02MA6272827 -Qualified in
New York County
Commission Expires 11/26/2016

# EXHIBIT 9



**2017080301184001002ED19B**

## NYC DEPARTMENT OF FINANCE
## OFFICE OF THE CITY REGISTER

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument.The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.

| RECORDING AND ENDORSEMENT COVER PAGE | PAGE 1 OF 8 |
|---|---|

| | | |
|---|---|---|
| Document ID: **2017080301184001** | Document Date: 11-14-2016 | Preparation Date: 08-30-2017 |
| Document Type: MORTGAGE | | |
| Document Page Count: 7 | | |

| PRESENTER: | RETURN TO: |
|---|---|
| TITLEVEST AGENCY<br>44 WALL STREET, R-NY-608614<br>10TH FLOOR<br>NEW YORK, NY 10005<br>212-757-5800<br>RECORDINGS@TITLEVEST.COM | TITLEVEST AGENCY<br>44 WALL STREET, R-NY-608614<br>10TH FLOOR<br>NEW YORK, NY 10005<br>212-757-5800<br>RECORDINGS@TITLEVEST.COM |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| MANHATTAN | 1377 | 1100 | Entire Lot  1A | 1 EAST 62 STREET |

Property Type:  SINGLE RESIDENTIAL CONDO UNIT

### CROSS REFERENCE DATA

CRFN_____  *or*  DocumentID_____  *or*  _____ Year_____ Reel____ Page_____  *or*  File Number_____

### PARTIES

| MORTGAGOR/BORROWER: | MORTGAGEE/LENDER: |
|---|---|
| REAL ESTATE HOLDINGS GROUP, L.D.C.<br>60 MARKET SQUARE, P.O. BOX 364<br>BELIZE CITY<br>BELIZE | AARONSON SCHANTZ BEILEY P.A.<br>100 S.E. 2ND STREET, 27TH FLOOR<br>MIAMI, FL 33131 |

### FEES AND TAXES

| Mortgage : | | | Filing Fee: | | |
|---|---|---|---|---|---|
| Mortgage Amount: | $ | 145,000.00 | | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 145,000.00 | NYC Real Property Transfer Tax: | | |
| Exemption: | | | | $ | 0.00 |
| TAXES:   County (Basic): | $ | 725.00 | NYS Real Estate Transfer Tax: | | |
| City (Additional): | $ | 1,450.00 | | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | | |
| TASF: | $ | 362.50 | | | |
| MTA: | $ | 405.00 | | | |
| NYCTA: | $ | 0.00 | | | |
| Additional MRT: | $ | 0.00 | | | |
| TOTAL: | $ | 2,942.50 | | | |
| Recording Fee: | $ | 72.00 | | | |
| Affidavit Fee: | $ | 0.00 | | | |

**RECORDED OR FILED IN THE OFFICE**
**OF THE CITY REGISTER OF THE**
**CITY OF NEW YORK**
Recorded/Filed          08-31-2017 12:35
City Register File No.(CRFN):
**2017000325773**

*Annette M Hill*

*City Register Official Signature*

**This Mortgage Agreement secures
a Promissory Note of even date
in the amount of $145,000.00.**

This instrument prepared by,
and after recording, return to:

Geoffrey S. Aaronson, Esq.
Aaronson Schantz Beiley P.A.
100 S.E. 2nd Street, 27th Floor
Miami, Florida 33131

(Reserved for Clerk of Court, New York
County)

---

## MORTGAGE AGREEMENT

THIS MORTGAGE AGREEMENT, executed the 14th day of November, 2016, by Real Estate Holdings Group, L.D.C. ("REHG"), of 60 Market Square, P.O. Box 364, Belize City, Belize (hereinafter the "Mortgagor"), to AARONSON SCHANTZ BEILEY P.A., ("ASBPA") whose mailing address is 100 S.E. 2nd Street, 27th Floor, Miami, Florida 33131 (hereinafter the "Mortgagee").

## W I T N E S S E T H:

WHEREAS, Mortgagor executed and delivered to Mortgagee that certain Assumption and Springing Guarantee Agreement and Secured Promissory Note (hereinafter the "Promissory Note"), of even date herewith, wherein Mortgagor has agreed to pay Mortgagee Principal and Interest (hereinafter the "Obligation"). The Mortgagor has agreed to secure the Obligations under the Promissory Note by granting this Mortgage (hereinafter the "Mortgage") to Mortgagee in respect to real property owned by Mortgagor located at: 1 East 62 Street Apt 1A, New York, NY 10065 (the "Property"). As more fully set forth in the parties' Promissory Note, this Mortgage shall become due eight months from the date of execution of the Promissory Note, or upon the sale of the Property, or refinancing of the Property for an amount in excess of the amount outstanding  and accruing under the existing Mortgages plus tax liens (if any), and existing and future maintenance liens (for example if the amount outstanding under the existing first mortgage is $2.4 million, and the second mortgage is $340,000.00, and maintenance is $500,000.00, then refinancing in excess of $3,240,000) or upon any other Final Default as set forth in the Promissory Note or this Mortgage. Upon full payment of the Obligations, the Mortgagee shall promptly file and record a satisfaction of this Mortgage, and shall return the original Promissory Note and Mortgage to Mortgagee % Elizabeth Hazan.

NOW, THEREFORE, the Mortgagor, in consideration of the indebtedness and to secure the payment to Mortgagee of the Obligation provided for in the Promissory Note and in this Mortgage, has granted, bargained, sold and conveyed and by these presents do

grant, bargain, sell and convey unto Mortgagee the Property, as particularly described in the attached Schedule "A"

To have and hold the same together with the tenements, hereditaments, and appurtenances, unto the Mortgagee and their heirs and assigns, fee simple.

And the Mortgagor, for itself and its members, officers, directors, employees, agents, legal representatives and assigns, do covenant with the Mortgagee and its members, officers, directors, employees, agents, legal representatives and assigns that the Mortgagor has full power and lawful right to convey the Property as aforesaid; that the Property is free from all voluntary encumbrances, with the exception of those listed herein on Schedule B, and that the Mortgagor, their heirs, legal representatives, successors or assigns will make such further assurances to perfect the fee simple to the Property in the Mortgagee, and its members, officers, directors, employees, agents, legal representatives and assigns as may reasonably be required, and that the Mortgagor hereby fully warrants the title to the Property and will defend the Property against the lawful claims of all persons whomsoever including for any tax deeds, claim of lien(s) or mortgage by any governmental or non-governmental authority or taxing authority.

And the Mortgagor, for itself and its members, officers, directors, employees, agents, legal representatives and assigns, hereby covenants and agrees to pay all and singular sums of money payable by virtue of the Obligations and this Mortgage.

This Mortgage shall be recorded upon the earlier of: (i) Six (6) months from the date of the Promissory Note; (ii) the entry into a contract for sale (or prior to actual sale) of all or part of the Property; or (iii) the refinancing of, or the impending refinancing of, the Property for an amount in excess of the amount outstanding and accruing under the existing Mortgages plus tax liens (if any), and existing and future maintenance liens (for example if the amount outstanding under the existing first mortgage is $2.4 million, and the second mortgage is $340,000.00, and maintenance is $500,000.00, then refinancing in excess of $3,240,000); or (iii) upon any other Final Default as set forth in the Promissory Note or this Mortgage.

Anything herein to the contrary notwithstanding, the Mortgagor and the Mortgagee agree that the Mortgagee does not at any time intend to charge nor does the Mortgagor have any obligation to pay interest at a rate which shall exceed the limits specified under the laws under the State of New York applicable to this Mortgage evidencing the Obligation. Any interest previously paid which would be construed under New York law as usurious interest shall be deemed to have been a payment against principal as of the time of payment.

No waiver of any agreement, covenant, condition, representation, or warranty under this Mortgage or the Promissory Note shall at any time hereafter be held to be a waiver of any of the other terms thereof or a continuing waiver thereof. Time is of the essence under all terms and conditions of the Mortgage and Indemnification Agreement.

2

Each provision of this Mortgage is intended to be severable and the invalidity or illegality of any portion of this Mortgage shall not affect the validity or legality of the remainder thereof. Any ambiguities contained in this Mortgage shall not be construed against the preparers of this document.

Upon the failure of Mortgagor to abide by any of the provisions of this Mortgage and/or the Promissory Note, including the failure to satisfy the Obligation and Promissory Note, Mortgagee shall be entitled to foreclose upon this Mortgage.

**MORTGAGOR HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVES THE RIGHT IT MAY HAVE TO A TRIAL BY JURY OF, UNDER OR IN CONNECTION WITH THIS MORTGAGE, OR THE INDEMNIFICATION AGREEMENT OR ANY AGREEMENT CONTEMPLATED TO BE EXECUTED IN CONJUNCTION HEREWITH, OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENTS (WHETHER VERBAL OR WRITTEN) OR ACTIONS OF ANY PARTY RELATING HERETO OR THERETO. THIS PROVISION IS A MATERIAL INDUCEMENT FOR MORTGAGEE ACCEPTING THIS MORTGAGE.**

IN WITNESS WHEREOF, the Mortgagor has hereunto set its hand and seal to this Mortgage and Spreader Agreement on the day and year first above written.

Print Name: _Sean W Meehan_

as Manager and duly authorized representative of REHG

The foregoing Mortgage was sworn to, subscribed and acknowledged before me this 14 day of June, 2015, by Sean W. Meehan, who is personally known to me and did (did not) take an oath.

LEILA BENAVIDES
Notary Public State of Florida
My Comm. Expires Nov 19 2017
Commission # FF 071478

Print Name:
Notary Public, State of Florida at Large
My commission expires:

| Signed, sealed, read and delivered in the presence of: | Signed, sealed, read and delivered in the presence of: |
| --- | --- |
| Print Witness Name: _L. M. Schantz_ | _Roxana Sucar_ <br> Print Witness Name: _Roxana Sucar_ |

3

State of Florida

County of Miami-Dade

On the 14th day of November in the year 2016, before me, the undersigned, personally appeared **Sean N. Meehan**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in the City of Miami, Miami-Dade County, Florida.

_____
Notary Public

Printed Name: <u>Geoffrey S. Aaronson</u>

My Commission Expires:
<u>June 16, 2018</u>

GEOFFREY S. AARONSON
Notary Public · State of Florida
My Comm. Expires Jun 16, 2018
Commission # FF 121262

4



**First American**

MORTGAGE SERVICES

## SCHEDULE A

## DESCRIPTION OF MORTGAGED PREMISES

Title No.: **DS140013366**

The Condominium Unit (hereinafter referred to as the "Unit") known as 1A in the Building (hereinafter referred to as the "Building") known as The Spencer Condominium and by the street number One East Sixty Second Street, Borough of Manhattan and State of New York, said Unit being designated and described as Residential Unit 1A in a certain declaration dated May 21, 1986, pursuant to Article 9-B of the Real Property Law of the State of New York (hereinafter referred to as the "Condominium Act"), establishing a plan for condominium ownership of the Building and the Land (hereinafter referred to as the "Land") upon which the Building is situate (which Land is more particularly described in Schedule A annexed hereto and made a part hereof), which Declaration was recorded in the New York County Office of the Register of the City of New York on January 5, 1987 in Reel 1168 page 1229 (which declaration and amendments thereto are hereinafter collectively referred to as the "Declaration"). This Unit is also designated as Tax Lot 1100 Block 1377 of Section 5 of the Borough of Manhattan on the Tax Map of the Real Property Assessment Department of the City of New York on the Floor Plans of the Building, certified by William A. Hall on October 15, 1986 and filed with the Real Property Assessment Department of the City of New York on January 5, 1987 as Condominium Plan No. 379 and also filed in the City Register's Office on January 5, 1987.

TOGETHER with an undivided 5.03% interest in the Common Elements (as such is defined in the Declaration").

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough of Manhattan, City and State of New York, bounded and described as follows:

BEGINNING at a point on the northerly side of 62nd Street, distant 108 feet easterly from the corner formed by the intersection of the easterly side of 5th Avenue with the said northerly side of 62nd Street;

RUNNING THENCE northerly parallel with 5th Avenue, 100 feet 5 inches to the center line of the block;

THENCE easterly along said center line of the block and parallel with 62nd Street, 42 feet;

Page 2 of 12

SWM

SWM

THENCE southerly, parallel with 5th Avenue and part of the distance through a party wall, 100 feet 5 inches to the northerly side of 62nd Street; and

THENCE westerly along the northerly side of 62nd Street, 42 feet to the point or place of BEGINNING.

## SCHEDULE B

1. First Mortgage: U.S. Bank, approximately $2.5 Million

2. Second Mortgage: Real Time Resolutions, as Servicer, approximately $350,000

3. Spencer Condo: Settlement amount: approximately $426,000 in 3/15;  Proof of Claim amount as of 1/11/16 approx'y $668,000 plus accruing Maintenance and attorney fees

4. IRS Lien approx'y $394,000

5. Attorney Liens of Bruce Jacobs ($55,000 no interest); Robert P. Lithman ($95,000); and Mark Cohen ($25,000)

# EXHIBIT 10



**ORDERED in the Southern District of Florida on December 6, 2018.**

_A. Jay Cristol_

_____
**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                                    Case No. 16-10389-BKC-AJC

LIZA HAZAN a/k/a ELIZABETH HAZAN,          Chapter 11

        Debtor.
_____/

**ORDER GRANTING MOTION TO REOPEN CASE TO APPROVE FINAL REPORT,**
**AND ENTER DISCHARGE TO REORGANIZED DEBTOR**

    **THIS MATTER** came before the Court for hearing on August 9, 2018 at 10:30 a.m. upon

the Reorganized Debtor, Liza Hazan a/k/a Elizabeth Hazan ("Reorganized Debtor")'s Corrected

Motion to Reopen this Chapter 11 case to grant the Reorganized Debtor's Discharge and enter a

Final Decree and to re-close the case [ECF No. 713] (the "Motion"), and again on October 24,

2018 at 2:00 p.m. upon the Court's Order Setting Further Hearing to Consider Issuance of

Discharge and Dismissal of Pending Non-Core Personal Injury Tort Claims for October 24, 2018

[ECF 745]. The Court has further considered the following:

- The Final Report [ECF No. 703] ("Final Report");

- The Notice of Deadline to Object to Debtor's[1] Statement Re: 11 U.S.C. § 522(q)(1) Applicability, *et al.* [ECF No. 704];

- NLG, LLC's Opposition to Debtor Motion to Reopen Case and Motion for Discharge (ECF No. 733);

- NLG, LLC's Objection to Debtor Statement and Discharge [ECF No. 729], which the Court notes was withdrawn on the record by counsel for NLG during the August 9, 2018 hearing;

- NLG, LLC's *ore tenus* Objection to Debtor's Discharge during the October 24, 2018 hearing;

- Creditor Valencia Estates Homeowners' Association, Inc.'s Limited Objection to Debtor's Corrected Motion for Discharge [D.E. 713] [ECF No. 728], which was resolved by Agreed Order [ECF No. 734];

- Real Time Resolutions, Inc.'s Objection to Debtor's Motion to Reopen, Final Report and Motion for Discharge, and Motion for Entry of Final Decree and to Reclose [ECF No. 731], which was withdrawn prior to the hearing [ECF No. 732]; and

- NLG, LLC's motion to reopen Chapter 11 case [ECF No. 757], and amended and expedited motion to reopen case [ECF No. 763].

---

[1] For purposes of this Order, the term "Debtor" shall also mean the "Reorganized Debtor" pursuant to this Court's Order Confirming Plan of Reorganization [ECF No. 691] (the "Confirmation Order").

Having considered the record, including NLG's Objection and Opposition,[2] and finding that due and adequate notice has been given and no additional notice is required, the Court grants the Motion in part and herein enters the discharge of the Reorganized Debtor, and approves the Final Report.  The Motion and Final Report demonstrate the Reorganized Debtor is entitled to to a discharge pursuant to 11 U.S.C. § 1141(d)(5).  However, a Final Decree will not yet be issued and the case shall not be re-closed at this time.

**I.  11 U.S.C. § 1141(d)(5)(B) – authorizes issuance of discharge to individual debtor who has not completed all plan payments**

The Bankruptcy Code provides that an individual debtor's discharge shall not be entered by the Court until completion of all payments under the confirmed plan.  *11 U.S.C. §1141(d)(5)(A).* An exception exists, however, pursuant to 11 U.S.C. § 1141(d)(5)(B), if, *inter alia*, an individual debtor has made all plan payments to unsecured creditors.  Section 1141(d)(5)(B) provides:

> (B) at any time after the confirmation of the plan, and after notice and a hearing, the court may grant a discharge to the debtor who has not completed payments under the plan if –
>
> > (i) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 on such date;
> > (ii) modification of the plan under section 1127 is not practicable; and
> > (iii) subparagraph (C) permits the court to grant a discharge.

---

[2]  Although this Court previously determined that NLG is not a creditor and has no claim against the Reorganized Debtor [*see*, *Final Judgment on Counts I, II and III of Plaintiffs' Third Amended Complaint Determining Validity, Priority and Extent of Liens and Setting Trial on Counts IV Through IX*, Adv. No. 16-1439-BKC-AJC-A, ECF No. 238], the Court has reviewed the Objection and Opposition and overrules same.

Subsection (C) of that same statue further states:

> (C) the court may grant a discharge if, after notice and a hearing held not more than 10 days before the date of the entry of the order granting the discharge, the court finds that there is no reasonable cause to believe that –
>> (i) section 522(q)(1) may be applicable to the debtor; and
>> (ii) there is pending any proceeding in which the debtor may be found guilty of a felony of the kind described in section 522(q)(1)(A) or liable for a debt of the kind described in section 522(q)(1)(B);
>> and if the requirements of subparagraph (A) or (B) are met.

11 U.S.C. § 1141(d)(5)(C).

Section 1141(d)(5) allows an individual debtor to seek a discharge after confirmation but before plan payments are completed as long as the debtor satisfies the requirements of 11 U.S.C. § 1141(d)(5)(B). *See*, *11 U.S.C. § 1141(d)(5)*; *see also*, *In re Necaise*, 443 B.R. 483 (Bankr. S.D. Miss. 2010) ("after the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23 (2005), completion of plan payments (rather than plan confirmation) discharges an individual debtor. In the alternative, an individual debtor may seek a discharge before completion of his plan payments, an early discharge, under either 11 U.S.C. § 1141(d)(5)(A) or (B).").

The Court finds that the Reorganized Debtor has complied with the provisions of 11 U.S.C. § 1141(b)(5)(B) so as to be entitled to an early discharge.[3] Exhibit "A" attached to both the Motion

---

[3] The Court notes that during the hearing, counsel for the United States Trustee concurred with the Debtor's position regarding her entitlement to entry of discharge upon payment to unsecured creditors:

> MS. ARMENGOL:
>
> … I can speak as to the procedural propriety of the Court awarding a discharge now. I concur with Mr. Pugatch -- and for the record, the code section is 1141(d)(5)(A) and (B) -- that if unsecured claims are paid, the

and Final Report demonstrates that the general unsecured creditors, whose claims were to be paid

in the Plan, have been paid in full.  As a result, the value of property [payments] distributed under

the Fourth Amended [Chapter 11] Plan of Reorganization [ECF No. 563] (the "Fourth Amended

Plan") on account of each unsecured claim is not less than the amount that would have been paid

on such claim if the bankruptcy estate would have been liquidated under chapter 7.  Therefore, the

Reorganized Debtor has complied with 11 U.S.C. § 1141(b)(5)(B)(i).   The Court takes judicial

notice of Debtor's Monthly Operating Report (Individual) Corrected for the Period May 1, 2018

to May 31, 2018 [ECF No. 727] and Debtor's Monthly Operating Report (Individual) for the

Period June 1, 2018 to June 30, 2018 [ECF No. 725] evidencing the total disbursements made

pursuant to the Fourth Amended Plan and Confirmation Order.  Moreover, the Court finds 11

U.S.C. § 1141(b)(5)(B)(ii) is not applicable as modification of the Fourth Amended Plan is not

practicable under 11 U.S.C. § 1127.

**II.     The Fourth Amended Plan, the Confirmation Order and this Court's prior Orders provide additional bases to grant relief**

The Fourth Amended Plan, together with the Confirmation Order and this Court's prior

rulings provide additional authority for issuance of a discharge to the Reorganized Debtor prior to

completion of payments under the Plan.  The foregoing documents indicate that the Reorganized

---

individual debtor can receive a discharge.
Looking at the plan, Your Honor, the only other claims were secured.  So even if she gets a discharge – Ms. Hazan gets a discharge and doesn't pay pursuant to the plan, they still have that security and that lien.  And a priority claim with the IRS – and I'm not sure where that stands, but Your Honor, I believe that under 1141(d)(5)(B), Your Honor has the authority to grant the discharge at this time.

Transcript, August 9, 2018 Hearings [17:15-25, 18:1-4].

Debtor intended to seek the issuance of a discharge upon payments in full to unsecured creditors. For instance, Article VIII of the Fourth Amended Plan, as confirmed by the Court, provides, in pertinent part:

> (e) Upon the satisfaction of all payments required under the Plan to *unsecured creditors*, the Debtor may file a motion to reopen this bankruptcy proceeding, pursuant to 11 U.S.C. § 350(b). Any Clerk of Court fees associated with filing of the motion to reopen shall be waived. The motion to reopen shall be verified and served upon all creditors and parties in interest and shall demonstrate that the Debtor has made all of the payments contemplated under the Plan to *unsecured creditors*.

*See*, *Fourth Amended Plan, Article VIII* [ECF No. 563], page 30 of 31. [Emphasis added]. The Court finds that the Reorganized Debtor complied with Article VIII(e) of the Fourth Amended Plan by filing the Motion which attached as Exhibit "A" a list of payments demonstrating that the Reorganized Debtor made all plan payments to Class 12 unsecured creditors.

In addition, Article VIII of the Fourth Amended Plan, as confirmed by the Court, states, in relevant part:

> (f) Upon the re-opening of this bankruptcy proceeding, the Debtor shall promptly file a Final Report of Estate and Motion for Final Decree Closing Case on the Court-approved local form, which shall certify that all payments required under the Plan to *unsecured creditors* have been made. The Court may then grant the Debtor a discharge, pursuant to 11 U.S.C. § 1141(d)(5).

*See*, *Fourth Amended Plan, Article VIII* [ECF No. 563], page 31 of 31. [Emphasis added]. The Court finds that the Reorganized Debtor complied with Article VIII(f) of the Fourth Amended Plan by filing the Final Report which attached as Exhibit "A" a list of payments demonstrating that the Reorganized Debtor made all plan payments to Class 12 unsecured creditors.

On or about June 12, 2018, this Court entered its Confirmation Order which confirmed the Fourth Amended Plan and contemplated the issuance of a discharge to the Reorganized Debtor upon the completion of plan payments to unsecured creditors under the Plan.   Specifically, paragraph 18(e) of the Confirmation Order states:

> (e) Upon the satisfaction of all payments required under the Plan to *Unsecured Creditors*, the Debtor may file a motion to reopen this bankruptcy proceeding, pursuant to 11 U.S.C. § 350(b).  Any Clerk of Court fees associated with filing of the motion to reopen shall be waived.  The motion to reopen shall be verified and served upon all creditors and parties in interest and shall demonstrate that the Debtor has made all payments contemplated under the Plan to *Unsecured Creditors*.

*See*, *Confirmation Order* [ECF No. 691], page 7 of 8. [Emphasis added].  The Court finds that the Reorganized Debtor complied with paragraph 18(e) of the Confirmation Order, by filing the Motion which attached as Exhibit "A" a list of payments demonstrating that the Reorganized Debtor made all plan payments to Class 12 unsecured creditors.

In addition, paragraph 18(f) of the Confirmation Order states:

> (f) Upon the re-opening of this bankruptcy proceeding, the Debtor shall promptly file a Final Report of Estate and Motion for Final Decree Closing Case on the Court-approved local form, which shall certify that all payments required under the Plan to *Unsecured Creditors* have been made.  The Court may then grant the Debtor a discharge, pursuant to 11 U.S.C. § 1141(d)(5).

*See*, *Confirmation Order* [ECF No. 691], page 7 of 8. [Emphasis added].  The Court finds that the Reorganized Debtor complied with paragraph 18(f) of the Confirmation Order by filing the Final Report which attached as Exhibit "A" a list of payments demonstrating that the Reorganized Debtor made all plan payments to Class 12 unsecured creditors.

On or about June 13, 2018, this Court entered its Agreed Order Granting Reorganized Debtor's Ore Tenus Motion to Administratively Close Individual Chapter 11 Case After Confirmation [ECF No. 692] (the "Agreed Order"). The Agreed Order provides, *inter alia*:

> Upon the re-opening of this bankruptcy case, the Reorganized Debtor shall promptly file a Final Report and Motion for Final Decree Closing Case on the Court-approved local form in effect at that time, which shall certify, that all payments required under the Plan to the ***unsecured creditors*** have been made. The Court may then grant the Reorganized Debtor a discharge, pursuant to 11 U.S.C. § 1141(d)(5) if all other conditions are satisfied.

*See*, *Agreed Order* [ECF No. 692], page 2 of 3. [Emphasis added]. The Court finds that the Reorganized Debtor complied with the Agreed Order by filing the Motion and Final Report, with Exhibit "A" attached to both pleadings, indicating all payments were made by the Debtor to Class 12 unsecured creditors.

### III.    NLG's Objection and Opposition

NLG, LLC is the only entity objecting to the granting of a discharge in this case. NLG, whose claim the Court disallowed, asserted that a discharge should not be granted at this time because the Debtor has not yet paid Creditor JMB Urban Development Partners, LTD in full. The Court took the matter under advisement to consider the objection; and upon further consideration and review of the record, the Court overrules the objection.

NLG argues that the Court may not enter a discharge order until the Reorganized Debtor pays JMB in full. The Court disagrees. JMB is not affected by the relief sought and has not objected to the Debtor receiving a general discharge. Pursuant to the settlement of the adversary proceeding, in Adv No. 16-1188-BKC-AJC-A [ECF No. 21], the Reorganized Debtor and JMB agreed that

JMB has a non-dischargeable judgment of $275,000.00. Thus, after receiving its *pro rata* share of distributions under the Plan, JMB may continue to pursue payment of its claim outside the Plan. Likewise, the Reorganized Debtor and the Board of Managers of Spencer Condominium have agreed that Debtor's liability in the amount of $109,554.06 to the Board of Managers of Spencer Condominium would be non-dischargeable. Therefore, this Creditor has also agreed to the granting of Debtor's discharge.

Section 1141(5)(B) of the Bankruptcy Code provides for the granting of a discharge to a debtor who has not completed payments, if modification of a plan is not practicable and creditors have received value "not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7." *In re Belcher*, 410 B.R. 206, 215 (Bankr. W.D. Va. 2009) (explaining that "§ 1141(d)(5)(B) provides for early discharge in a manner similar to the 'hardship discharge' in chapter 13 cases under § 1328(b)."). In this case, all unsecured creditors were to be paid in accordance with the Plan, and those payments have been made in full. JMB and the Board of Managers of Spencer Condominium may pursue the remaining amounts of their respective non-dischargeable debts outside the Plan. Because the entry of a discharge [of the claims of the unsecured creditors who were paid in full under the Plan] will not affect JMB or the Board of Managers of Spencer Condominium, the Court sees no reason to withhold the discharge when the Debtor has otherwise established entitlement to same.

The entry of a non-dischargeable judgment, and the outstanding debt thereunder, does not prevent the early entry of an order of discharge, because a discharge in no way impacts the non-dischargeable debts. Unsecured creditors holding nondischargeable claims are entitled to collect the balance of their debts outside the plan. In *Newman v. United States (In re Newman)*, 399 B.R.

541, 548 (Bankr. M.D. Fla. 2008), the court held that a creditor holding a nondischargeable claim is not prevented from pursuing post-confirmation collection efforts outside of bankruptcy, regardless of whether such claim was provided for in the confirmed plan. A nondischargeable debt may remain after a debtor has emerged from bankruptcy.

Although the Court believed that, following the August 9, 2018 hearing, the Debtor had demonstrated compliance with the requirements of 11 U.S.C. § 1141(d)(5), the Court set another hearing for October 24, 2018 to address whether a discharge should be issued while the Reorganized Debtor's non-core tort claims remained pending in an adversary proceeding. [ECF No. 745]. At the October 24, 2018 hearing, the Reorganized Debtor announced she was withdrawing her non-core tort claims, thereby alleviating the Court's concerns. Adv. No. 16-1439-BKC-AJC-A [ECF No. 358].

For the foregoing reasons, the Court finds that the Reorganized Debtor has complied with 11 U.S.C. § 1141(d)(5)(B) by demonstrating her completion of all plan payments to general unsecured creditors under the Fourth Amended Plan and Confirmation Order and has otherwise complied with the requirements to receive a discharge. However, the Court will refrain from closing this case at this time as there remains pending the parties' motions for sanctions and for contempt, as well as several appeals. It is the policy of the Court to not close a case until all appeals are finally resolved and over. Therefore, it is

**ORDERED AND ADJUDGED**:

1. The Motion [ECF No. 713] is **GRANTED IN PART,** and this bankruptcy case is **RE-OPENED** for the sole purpose of approving the Final Report and entering the Reorganized Debtor's discharge consistent with the terms of this order.

2.   The Final Report is **APPROVED.**

3.   NLG, LLC's motion and amended motion to re-open Chapter 11 case [ECF Nos. 757 and 763] are **GRANTED IN PART** with respect to reopening this case, and not closing the case until the final disposition of all pending motions and appeals herein, but NLG, LLC's Opposition and Objection to the granting of the discharge are **DENIED** and **OVERRULED**.

4.   The Reorganized Debtor is entitled to a discharge in accordance with the provisions of 11 U.S.C. § 1141(d)(5), and the Fourth Amended Plan and the Confirmation Order; thus, the Reorganized Debtor is **DISCHARGED** pursuant to the provisions of 11 U.S.C. § 1141(d) from any debt that arose before the date of such confirmation and any debt of any kind specified in Section 502(g), 502(h) or 502(i) of Title 11 in accordance with the provisions of 11 U.S.C. § 1141(d).

5.   The discharge issued to the Reorganized Debtor does not discharge or otherwise affect the JMB non-dischargeable judgment.

6.   The discharge issued to the Reorganized Debtor does not discharge the Reorganized Debtor from her personal monetary liability in the amount of One Hundred Nine Thousand Five Hundred Fifty-Four and 06/100 Dollars ($109,554.06) to the Board of Managers of Spencer Condominium. The Reorganized Debtor has other non-monetary obligations under the Settlement Agreement with the Board of Managers of Spencer Condominium, as provided for in the treatment of Class 11 under the Fourth Amended Plan and the Confirmation Order, and such non-monetary obligations are not impacted by the discharge. The New York courts have exclusive

jurisdiction over the settlement between those parties.

7.  This case shall remain open pending the final disposition of all motions herein and

the outstanding appeals, after which the Court will direct the Clerk of Court to enter

a Final Decree closing this case.

**###**


Submitted by:

Geoffrey S Aaronson, Esq
Aaronson Schantz Beiley P.A.
Florida Bar No. 349623
One Biscayne Tower, 34th Floor
2 South Biscayne Boulevard
Miami, Florida 33131
Tel. 786.594.3000
Fax 305.424.9336
Email gaaronson@aspalaw.com
*Attorney for Reorganized Debtor*

*Attorney Geoffrey Aaronson is directed to serve a copy of this Order on all interested parties and to file a certificate of service with the Court.*