# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 16-10389-PGH

Chapter 11

In re:
Liza Hazan
Debtor_____/

## EX PARTE MOTION FOR POSTJUDGMENT WRIT OF GARNISHMENT

Reorganized and Discharged Debtor Liza Hazan, by and through undersigned counsel, hereby files this Motion for the issuance of a post-judgment writ of garnishment against the United States Bankruptcy Court Southern District of Florida Miami Division Clerk of Court, "The Clerk of Court", Garnishee, and as grounds alleges the following:

1.      Reorganized and Discharged Debtor Liza Hazan, ("Hazan") is the judgment creditor in the above referenced action residing at 6913 Valencia Drive, Miami Florida 33109.

2.      Garnishee, ("The Clerk of Court") is a resident of the State of Florida located at the United States Bankruptcy Court Southern District of Florida Miami Division Clerk of Court C. Clyde Atkins U.S. Courthouse located at 301 N. Miami Avenue # 150, Miami, FL 33128.

3.      On November 8, 2022, Reorganized and Discharged Debtor Liza Hazan recovered a judgment against judgment debtor Christopher Kosachuk a/k/a Chris Kosachuk ("Kosachuk") in the above-entitled action in the amount of $ 3,800.00 [ECF 1354]. See attached as **Exhibit "A"** is a true and correct certified copy of the Final Judgment in favor of liza Hazan and against Christopher kosachuk a/k/a Chris Kosachuk. This judgment is final and non-appealable. Together with post judgment interest at the rate from the entry thereof at the rate prescribed by 28 U.S.C. § 1961), from that date to the date of this motion, Kosachuk owes Hazan $4220.67.

1

4. On February 28, 2025, the Clerk of Court issued a Writ of Execution. A true and correct copy of the Writ of execution is attached **as Exhibit "B".**

5. On The Clerk of Court is indebted to Judgment Debtor, Kosachuk, pursuant to the Order entered of the United States Bankruptcy Court Southern District of Florida Miami Division Clerk of Court case 19-14602-RAM by the Honorable Judge Robert A. Mark, Order Granting Motion to Release Cash Bond and Accrued interest [ECF No. 202] entered on March 3, 2025. See **Exhibit "C".** Garnishee's place of business is located at C. Clyde Atkins U.S. Courthouse located at 301 N. Miami Avenue # 150, Miami, FL 33128.

6. Hazan does not believe that Judgment Debtor Kosachuk visibly possesses sufficient property on which a levy can be made to satisfy the judgment. Exhibit "D" attached is proposed writ of garnishment.

WHEREFORE, Reorganized and Discharged Debtor Liza Hazan requests the Court to enter its order granting this motion, and to order the clerk of the Court to issue a writ of garnishment against the debt owed by Garnishee, the Clerk of Court to Judgment Debtor Christopher Kosachuk a/k/a Chris Kosachuk, requiring Garnishee to serve an answer and stating the amount specified in Liza Hazan's motion.

Respectfully submitted,

Joel M. Aresty, P.A.

Attorneys for Reorganized and
Discharged Debtor Liza Hazan
309 1st Ave S
Tierra Verde, FL 33715
Fax: 800-559-1870
Phone: (305) 964-1903
Aresty@Mac.com

By: /s/ Joel M. Aresty, Esq
Fla. Bar No. 197483
Email: Aresty@Mac.com

## CERTIFICATION PURSUANT TO LOCAL RULE 2090-1(A)

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this court set forth in Local Rules 2090-1(A).

Dated: March 3, 2025.

EXHIBIT A





**ORDERED in the Southern District of Florida on November 7, 2022.**

A. Jay Cristol, Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:                                                                CASE NO. 16-10389-AJC

LIZA HAZAN                                                      Chapter 11
a/k/a ELIZABETH HAZAN,

    Debtor.                                      /

## FINAL JUDGMENT

Pursuant to the *Order Granting Reorganized and Discharged Debtor, Liza Hazan, a/k/a Elizabeth Hazan's* ("Discharged Debtor" or "Hazan") *Emergency Motion For an Order directing the United States Marshals to take Christopher Kosachuk also known as Chris Kosachuk ("Kosachuk"), into custody and to detain him until such time as Ms. Hazan is able to complete a closing on her homestead property as ordered on June 28, 2022 at ECF No. 1194* [ECF No. 1349], Final Judgment is entered in the amount of Thirty Eight Hundred dollars $3,800.00, which may be recorded in favor of LIZA HAZAN a/k/a ELIZABETH HAZAN, whose address is whose address is 6913 Valencia Drive, Miami (Fisher Island), Florida 33109, against

CHRIS KOSACHUK also known as CHRISTOPHER KOSACHUK, whose address is 854 Pheasant Run Road, West Chester, Pennsylvania 19382. The Final Judgment will accrue post judgment interest from the entry thereof at the rate prescribed by 28 U.S.C. § 1961, for which execution shall issue forthwith.

###

Submitted by:
Joel M. Aresty, Esq. Fla.
Bar No. 197483

Attorney Aresty is directed to serve a copy of the Final Judgment on all interested parties and file with the court a certificate of service conforming with Local Rule 2002-1(F).



**EXHIBIT B**

# UNITED STATES BANKRUPTCY COURT
## Southern District of Florida
www.flsb.uscourts.gov



U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FEB 28 2025

FILED ✓   RECEIVED

In re  LIZA HAZAN
a/k/a ELIZABETH HAZAN,
           Debtor

Case No. 16-10389-AJC

Chapter 11

_____,
           Plaintiff

vs.

_____,
           Defendant

Adv. Proc. No. _____

**COPY**

## WRIT OF EXECUTION TO THE UNITED STATES MARSHAL

Name and Address of Judgment Creditor
LIZA HAZAN a/k/a ELIZABETH HAZAN, whose address is 6913 Valencia Drive, Miami (Fisher Island), Florida 33109

Amount of Judgment:
$ 3800

Other Costs: $420.67

post judgment interest at rate prescribed by 28 U.S.C. § 1961

vs.

Name and Address of Judgment Debtor
CHRIS KOSACHUK also known as CHRISTOPHER KOSACHUK, whose address is 854 Pheasant Run Road, West Chester, Pennsylvania 19382.

Date of Entry of Judgment:
11/08/22

**TO THE UNITED STATES MARSHAL FOR THE SOUTHERN DISTRICT OF FLORIDA:**

You are directed to levy upon the property of the above named judgment debtor to satisfy a money judgment in accordance with the attached instructions.

**TO THE JUDGMENT DEBTOR:**

You are notified that federal and state exemptions may be available to you and that you have a right to seek a court order releasing as exempt any property specified in the marshal's schedule from the levy.

2/28/25
Date

CLERK OF COURT
By: Katruika Loving
Deputy Clerk

LF-57 (rev. 12/01/09)

**EXHIBIT C**



ORDERED in the Southern District of Florida on February 28, 2025.

Robert A. Mark, Judge
United States Bankruptcy Court

_____

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

| | |
|---|---|
| In re: | Case No. 19-14602-RAM |
| SELECTIVE ADVISOR GROUP, LLC, | Chapter 11 |
| Debtor. | |
| _____/ | |

### ORDER GRANTING MOTION TO
### RELEASE CASH BOND AND ACCRUED INTEREST

The Court held a hearing on January 30, 2025 and February 27, 2025 on the Motion to Release Cash Bond and Accrued Interest [DE# 176] (the "Motion") filed by Christopher Kosachuk. The Court considered the Motion, NLG LLC's Response in Support of and Consent to [the Motion] [DE# 185] filed by NLG, LLC ("NLG"), the Debtor's Response to [the Motion] [DE# 186] filed by Selective Advisor Group, LLC (the "Debtor"), and the Joint Reply to Opposition to [the Motion] [DE# 189] filed by Mr. Kosachuk and NLG, and the argument of counsel and others, including Ms. Elizabeth Hazan, at the hearings.

1

The Court also reviewed (a) the Final Judgment [DE# 82], dated July 30, 2019, awarding Rule 9011 sanctions in the amount of $9,500 in favor of NLG and against the Debtor and its counsel, jointly and severally; and (b) the Assignment of Judgment, dated November 27, 2024, from NLG to Mr. Kosachuk and purporting to be effective as of July 30, 2019.  A copy of the Final Judgment and the Assignment of Judgment are on file in this case at DE# 175.  Finally, the Court has reviewed the record in the above-captioned chapter 11 case and the docket in the chapter 11 case of *In re NLG, LLC*, Case No. 21-11269-JKS, pending in the U.S. Bankruptcy Court for the District of Delaware (the "NLG Bankruptcy Case").

The Debtor and its counsel appealed the Final Judgment [DE# 100].  The Court granted a stay of the execution on the Final Judgment pending appeal conditioned upon the Debtor's posting of a cash bond with the Clerk of the Bankruptcy Court in the amount of the Final Judgment.  DE# 87.  On August 13, 2019, the Debtor's principal, Sean Meehan, posted a cash bond with the Clerk of the Bankruptcy Court in the amount of $9,500.  On March 4, 2022, the U.S. District Court for the Southern District of Florida affirmed the Final Judgment.  DE# 172.  Over two years later, Mr. Kosachuk filed the Motion, requesting that the Court direct the Clerk of Bankruptcy Court to release the cash bond and accrued interest to Mr. Kozachok in order to satisfy the Final Judgment.

At the January 30th hearing, the Court determined that Alfred T. Giuliano, the chapter 7 trustee in the NLG Bankruptcy Case (the "NLG Trustee") is a party in interest in the matter pending before the Court.  The Assignment of Judgment was executed after the filing of the NLG Bankruptcy Case on September 24, 2021 and, therefore, the Final Judgment appears to be an asset of the NLG bankruptcy estate.  Accordingly, the Court entered an Order [DE# 194] (the "Order Setting Further Hearing") setting the February 27th hearing on the Motion

and directing Mr. Kosachuk to serve copies of the Motion, the Final Judgment, the Assignment of Judgment, and the Order Setting Further Hearing on the NLG Trustee.

Prior to the February 27th hearing, Mr. Kosachuk filed a certificate of service [DE# 199], evidencing that he served the Order Setting Further Hearing on the NLG Trustee via first class U.S. Mail on February 18, 2025. *See also* Joint Notice of Compliance with Court Order [DE# 200] filed by Mr. Kosachuk and NLG. The NLG Trustee did not file a response to the Motion or appear at the February 27th hearing on the Motion.

Also prior to the February 27th hearing, the Court reviewed the Joint Reply in Further Support [of] Motion to Release Cash Bond and Accrued Interest [DE# 201] filed by Mr. Kosachuk and NLG.

At the February 27th hearing, Christopher Kosachuk argued that the NLG Trustee had declared the NLG Bankruptcy Case as a "no asset" case. Following the February 27th hearing, the Court again reviewed the record in the NLG Bankruptcy Case and confirmed that, on December 19, 2022, the NLG Trustee filed a Notice of Change from Asset to No Asset [DE# 120 in the NLG Bankruptcy Case]. On that same date, the NLG Trustee entered on the record in the Chapter 7 Trustee's Report of No Distribution [DE# 122 in the NLG Bankruptcy Case], certifying that the NLG bankruptcy estate had been fully administered. The effect of the Report of No Distribution was the abandonment of estate assets including the Final Judgment in favor of NLG. There is no subsequent docket activity reversing the NLG Trustee's position in the foregoing filings. To be sure, the NLG Trustee is at least aware of the existence of the Final Judgment, as it was disclosed on NLG's bankruptcy schedules. *See* DE# 24, Schedule A/B at Line 75 in the NLG Bankruptcy Case. Moreover, the NLG Trustee received notice of the continued hearing on February 27th and did not file an objection and did not appear at the hearing.

3

In light of the foregoing, the Court finds that Mr. Kosachuk, as holder of the Final Judgment by way of the Assignment of Judgment, is entitled to the cash bond posted by the Debtor to stay execution of the Final Judgment pending appeal. The Final Judgment was upheld on appeal and the appeal is fully resolved. To the extent that the Final Judgment was an asset in the NLG Bankruptcy Case, the Final Judgment was abandoned in that case.

Accordingly, for the foregoing reasons and for the reasons stated on the record at the February 27th hearing, the Court **ORDERS** as follows:

1. The above-captioned chapter 7 case is reopened solely for the purpose of entering this Order. The Clerk of the Bankruptcy Court is directed to re-close this case upon the finality of this Order, which will be fourteen (14) days following entry of this Order unless a motion to reconsider or an appeal is filed timely.

2. The Motion [DE# 176] is granted.

3. This Order is stayed for fourteen (14) days following its entry on the docket.

4. The Clerk of the Bankruptcy Court is directed to disburse the $9,500.00 cash bond to Mr. Christopher Kosachuk along with any accrued interest on the later of (a) fourteen (14) days following entry of this Order on the docket, or (b) entry of an order denying any timely filed motion for reconsideration.

###

Copies to:

Juan Ramirez, Jr., Esq.
Joel M. Aresty, Esq.

**CLERK TO SERVE:**

Christopher Kosachuk
854 Pheasant Run Rd.
West Chester, PA 19382-8144

4

Alfred T. Giuliano, Trustee
Giuliano Miller & Co., LLC
2301 E. Evesham Road
Pavillion 800, Suite 210
Voorhees, NJ 08043

Jesse M. Harris, Esq.
Fox Rothschild LLP
2000 Market Street
Twentieth Floor
Philadelphia, PA 19103

5

EXHIBIT D

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

IN RE:                                                     Case No. 16-10389-PGH

LIZA HAZAN
a/k/a ELIZABETH HAZAN
_____Debtor._____/

## **WRIT OF GARNISHMENT**

THE STATE OF FLORIDA
To Each Sheriff of the State and/or the United States Marshall for the United States Bankruptcy Court Southern District of Florida:

YOU ARE COMMANDED to summon the garnishee, the US Bankruptcy Court Southern District Of Florida Clerk of the court, who may be served at C. Clyde Atkins U.S. Courthouse located at 301 N Miami Ave # 150, Miami, Fl, 33128, to serve an answer to this writ on The Law Office of Joel M. Aresty, P.A., attorneys for Liza Hazan, whose email address is aresty@mac.com, within 20 days after service on the garnishee, exclusive of the day of service, and to file an original with the clerk of this court either before service or immediately thereafter. The answer must state whether the Garnishee is indebted to Judgment Debtor, Christopher Kosachuk also known as Chris Kosachuk, or was indebted to Defendant at the time of service of the writ, or at any time between those times, in what sum, and what tangible and intangible personal property of the Judgment Debtor, Christopher Kosachuk also known as Chris Kosachuk, the Garnishee has in his possession or control at the time of the answer or had at the time of service of this writ was served, or at any time between those times, and whether the Garnishee knows of any other person indebted to the Judgment Debtor, Christopher Kosachuk also known as Chris Kosachuk, or who may be in possession or control of any of the Judgment Debtor, Christopher Kosachuk also known as Chris Kosachuk's property. The amount set in plaintiff's motion is $4,220.67.

Dated: _____

As Clerk of the United States Bankruptcy Court
Southern District Of Florida


_____
Deputy Clerk

**UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF FLORIDA**

www.flsb.uscourts.gov

**NOTICE TO DEFENDANT OF RIGHT AGAINST GARNISHMENT OF WAGES, MONEY AND OTHER PROPERTY**

This notice is provided pursuant to Florida Statute 77.041 in accordance with Local Rule 7069-1(D).

The Writ of Garnishment delivered to you with this Notice means that wages, money, and other property belonging to you have been garnished to pay a court judgment against you.

**HOWEVER, YOU MAY BE ABLE TO KEEP OR RECOVER YOUR WAGES, MONEY, OR PROPERTY. READ THIS NOTICE CAREFULLY.**

State and federal laws provide that certain wages, money, and property, even if deposited in a bank, savings and loan, or credit union, may not be taken to pay certain types of court judgments. Such wages, money, and property are exempt from garnishment. The major exemptions are listed below on the form for Claim of Exemption and Request for Hearing. This list does not include all possible exemptions. You should consult a lawyer for specific advice.

**If an exemption from garnishment applies to you and you want to keep your wages, money, and other property from being garnished, or to recover anything already taken, you must complete a form for claim of exemption and request for hearing as set forth below and have the form notarized. If you have a valid exemption, you must file the form with the clerk's office within 20 days after the date you receive this notice or you may lose important rights. You must also mail or deliver a copy of this form to the plaintiff or the plaintiff's attorney and the garnishee or the garnishee's attorney at the addresses listed on the writ of garnishment. Note that the form requires you to complete a certification that you mailed or hand delivered copies to the plaintiff or the plaintiff's attorney and the garnishee or the garnishee's attorney.**

If you request a hearing, it will be held as soon as possible after your request is received by the court. The plaintiff or the plaintiff's attorney must file any objection within 8 business days if you hand delivered to the plaintiff or the plaintiff's attorney a copy of the form for Claim of Exemption and Request for Hearing or, alternatively, 14 business days if you mailed a copy of the form for claim and request to the plaintiff or the plaintiff's attorney. If the plaintiff or the plaintiff's attorney files an objection to your Claim of Exemption and Request for Hearing, the clerk will notify you and the other parties of the time and date of the hearing. You may attend the hearing with or without an attorney. If the plaintiff or the plaintiff's attorney fails to file an objection, no hearing is required, the writ of garnishment will be dissolved and your wages, money, or property will be released.

**If you have a valid exemption, you should file the form for claim of exemption immediately to keep your wages, money, or property from being applied to the court judgment. The clerk cannot give you legal advice. If you need legal assistance you should see a lawyer. If you cannot afford a private lawyer, legal services may be available. Contact your local bar association or ask the clerk's office about any legal services program in your area**.

**Clerk of Court**                                                              (SEE REVERSE FOR SERVICE REQUIREMENT)

LF-73 (rev. 12/01/15)                    Page 1 of  4

**PLAINTIFF'S SERVICE REQUIREMENTS:** The plaintiff must mail, by first class, a copy of the writ of garnishment, a copy of the motion for writ of garnishment, a copy of this court's Local Form "Notice to Defendant of Right Against Garnishment of Wages, Money and Other Property" to the defendant's last known address within 5 business days after the writ is issued or 3 business days after the writ is served on the garnishee, whichever is later. However, if such documents are returned as undeliverable by the post office, or if the last known address is not discoverable after diligent search, the plaintiff must mail, by first class, the documents to the defendant at the defendant's place of employment. The plaintiff shall file in the proceeding a certificate of such service.

Upon the filing by a defendant of the "Claim of Exemption and Request for Hearing", a hearing will be held as soon as is practicable to determine the validity of the claimed exceptions. If the plaintiff or the plaintiff's attorney does not file a sworn written statement that answers the defendant's claim of exemption within 8 business days after hand delivery of the claim and request or, alternatively, 14 business days, if the claim and request were served by mail, no hearing is required and the clerk must automatically dissolve the writ and notify the parties of the dissolution by mail.

**Local Rule 7069-1(D) Writ of Garnishment. Writs of garnishments shall be issued in accordance with Florida law.*

*(1) Issuance of Writ. Required Notice To Garnishee. The party seeking issuance of a writ of garnishment shall file a motion accompanied by a prepared writ, a certified copy of the judgment, and any bill of costs entered. If the writ is issued against an individual, the clerk shall attach to the writ a copy of the Local Form "Notice Pursuant to Florida Statute §77.041 to Defendant of Right Against Garnishment of Wages, Money and Other Property" with attached "Claim of Exemption and Request for Hearing" (with the caption of the case filled in on the form "Claim of Exemption and Request for Hearing"). The following notice must accompany service of the writ:* **"Under Florida Statute 77.28, upon issuance of any writ of garnishment, the party applying for it shall pay $100 to the garnishee on the garnishee's demand at any time after the service of the writ for the payment or part payment of his or her attorney fee which the garnishee expends or agrees to expend in obtaining representation in response to the writ."** *In addition to service of other garnishment papers, a copy of this rule shall be served on the defendant. If the writ is being sought pursuant to Florida Statute §77.0305 (continuing writ of garnishment against salary or wages) or Florida Statute §77.031 (issuance of writ before judgment), the filing of the writ must be accompanied by a motion and a proposed order.*

*(2) Objection to Claim of Exemption. An objection to a defendant's "Claim of Exemption and Request for Hearing" shall be set for hearing in accordance with Local Rule 9073-1.*

*(3) Dissolution of Writ by Clerk. The clerk shall automatically dissolve the writ and notify the parties of the dissolution by mail upon failure of the plaintiff to timely contest the defendant's claim of exemption.*

*(4) Deadlines. Absent further order of the court, the procedures and deadlines set forth in* Florida Statute §77.041, shall apply to writs of garnishments issued in this court.

# UNITED STATES BANKRUPTCY COURT
## Southern District of Florida

In re _____,  )
        Debtor                                )       Case No. _____

_____,  )
        Plaintiff                             )       Chapter _____

vs.

_____,  )
        Defendant                            )       Adv. Proc. No. _____

_____  )
        Garnishee

## CLAIM OF EXEMPTION AND REQUEST FOR HEARING

**I claim exemptions from garnishment under the following categories as checked:**

☐ 1. Head of family wages. (Check either a. or b. below, if applicable.)

    ☐ a. I provide more than one-half of the support for a child or other dependent and have net earnings of $750 or less per week.

    ☐ b. I provide more than one-half of the support for a child or other dependent, have net earnings of more than $750 per week, but have not agreed in writing to have my wages garnished.

☐ 2. Social Security benefits.

☐ 3. Supplemental Security Income benefits.

☐ 4. Public assistance (welfare).

☐ 5. Workers' Compensation.

☐ 6. Reemployment assistance or unemployment compensation.

☐ 7. Veterans' benefits.

☐ 8. Retirement or profit-sharing benefits or pension money.

☐ 9. Life insurance benefits or cash surrender value of a life insurance policy or proceeds of annuity contract.

☐ 10. Disability income benefits.

☐ 11. Prepaid College Trust Fund or Medical Savings Account.

☐ 12. Other exemptions as provided by law. _____(explain)

LF-73 (rev. 12/01/15)                              Page 3 of 4

I request a hearing to decide the validity of my claim. Notice of the hearing should be given to me at:

Address: _____

Telephone number: _____


**I CERTIFY UNDER OATH AND PENALTY OF PERJURY that a copy of this CLAIM OF EXEMPTION AND REQUEST FOR HEARING** has been furnished by (circle one)United States mail or hand delivery on  (insert date) , to:  (insert names and addresses of Plaintiff or Plaintiff's attorney and of Garnishee or Garnishee's attorney to whom this document was furnished).


**I FURTHER CERTIFY UNDER OATH AND PENALTY OF PERJURY** that the statements made in this request are true to the best of my knowledge and belief.


_____        _____
Defendant's signature                                                    Date



**STATE OF FLORIDA**

**COUNTY OF** _____

**Sworn and subscribed to before me this** _____ **day of** _____ (month and year),

**By** _____ (name of person making statement).


**Notary Public/Deputy Clerk**

☐ Personally Known

OR

☐ Produced Identification


Type of Identification Produced: _____

LF-73 (rev. 12/01/15)                                          Page 4 of  4