UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FILED-USBC, FLS-MIA
'25 MAR 7 AM 10:28

In re                                          Case No. 16-10389-RAM
                                               Defaulted Chapter 11

LIZA HAZAN a/k/a
ELIZABETH HAZAN
_____/

### CHRIS KOSACHUK'S MOTION FOR AN ORDER TO SHOW CAUSE WHY THIS BANKRUPTCY SHOULD NOT BE DISMISSED WITH PREJUDICE

Chris Kosachuk ("Mr. Kosachuk"), *pro se*, hereby files this Motion for An Order to Show Cause Why This Bankruptcy Should Not Be Dismissed With Prejudice and All Creditors Restored to Their Petition Day Status (the "Motion") and requests a show cause hearing. Mr. Kosachuk states as follows:

### PRELIMINARY STATEMENT

This confirmed plan has been in continuous default since its confirmation date of June 12, 2018, a fact hidden from everyone because this Debtor failed to file any post confirmation operating reports, even though they were required by the Bankruptcy Code and the Confirmation Order. [*See* Confirmation Order Doc. 691 ¶10]. This failure alone constitutes cause for dismissal. [*See* 11 U.S.C. § 1112(b)(4)(F)]. This Court should order this debtor to appear and show cause why this bankruptcy should not be dismissed with prejudice to the filing of another petition under any chapter of the Bankruptcy Code for a period of at least nine years and restore all creditors to their respective status as of the petition date of January 11, 2016.

All of these defaults began to come to light when on June 7, 2022, when the United States of America on behalf of the Internal Revenue Service (the "IRS") filed a Motion to Dismiss Debtor's Bankruptcy Case for failure to maintain plan payments to the IRS. [*See* Doc. 1157].

At a hearing on June 22, 2022, Judge Cristol stated "If we can get this matter solved and people paid within the next 90-day or 80-day period, that will be nice, and if not, it may be that the case will be dismissed, but that's where we're at." [Doc. 1217 Transcript p. 38 lines 7 to 10].

At a hearing on June 30, 2022, Judge Cristol stated "I thought that I made it quite clear at the last hearing that the Court wants this case to be wound up within the next 90 days". [Doc. 1216 Transcript p. 9 lines 21-23]. Judge Cristol continued "as I stated at the last hearing, we're not going beyond another 90 days, and so either sell it, refinance it, or the case will probably be dismissed." [Doc. 1216 Transcript p. 10 lines 8-10].

Unfortunately, Judge Cristol allowed this Debtor to languish in bankruptcy without making her plan payments beyond the 90 days. This Debtor and her lawyers have made a total mockery of the Chapter 11 process and been rewarded for the past nine years.

## Background

1. Liza Hazan a/k/a Elizabeth Hazan (the "Debtor") filed her Chapter 11 Petition over nine years ago, on January 11, 2016 (the "Petition Date"), the day before a Miami-Dade County Clerk foreclosure auction was to take place on her Fisher Island Property pursuant to NLG's $4,876,654.29 Final Judgment of Foreclosure.

2. At the time of the petition filing, the Debtor had millions of dollars of delinquent and unpaid creditors in addition to NLG. By way of example the IRS was owed $444,733.17, [Claim 3-1], JMB Urban Development LTD ("JMB") was a judgment creditor owed $664,380.47, [Claim 4-2], the Valencia Estates Homeowners' Association ("Valencia") was owed $195,072.14 [Claim 10-1], the Spencer Condominium ("Spencer") was owed $667,554.89 [Claim 14-1], the Fisher Island Community Association ("FICA") was owed over $500,000 and JP Morgan Chase Bank was owed over $5 million but as a secured creditors they did not file proofs of claims.

3.  However, FICA and JP Morgan have had to pursue foreclosures in state court which are both currently pending. [*See Fisher Island Community Association v. Elizabeth Hazan et al.* Case No. 2023-026767-CA-01 and *JP Morgan Chase Bank v. Elizabeth Hazan et al.* Case No. 2013-25902-CA-01].[1]

4.  The IRS, JMB, Valencia, Spencer and FICA were all supposed to be paid through the confirmed plan however, the defaults began at confirmation on June 12, 2018 and they were never paid.

5.  The Debtor defaulted on her payment to FICA at confirmation. In the plan the Debtor committed herself to "pay the net amount if any of all Fisher Island Community Association's post-petition fees in the amount of $46,555.48… at confirmation…" [*See* Doc. 563, p.13].

6.  The Debtor defaulted on her plan payment to JMB Urban Development on June 20, 2018, when she failed to pay the $275,000 Agreed Final Judgment. [*See JMB v. Hazan.* Case No. 16-ap-1188-AJC Doc. 21].

7.  The Debtor defaulted on her plan payment to the IRS on December 12, 2018. [*See IRS Motion to Dismiss* Doc. 1157].

8.  The Debtor defaulted on her plan payments to Valencia and Spencer as well.

9.  The Debtor failed to file her post confirmation operating reports and failed to pay the United States Trustee its fees. All constitute cause for dismissal.

---

[1] In an effort to delay the JP Morgan Chase Bank foreclosure and pending trial, Debtor Hazan wrongfully removed the foreclosure case to federal court on February 21, 2025 but was swiftly remanded back to state court four days later on February 25, 2025. *See JP Morgan Chase Bank v. Elizabeth Hazan et al.* Case No. 2025-20815-BLOOM

Motion for Order to Show Cause
Case No. 16-10389-RAM

10. The failures are legion. Clearly this Debtor has displayed a total disregard for the Confirmed Plan, defaulted on it continuously since 2018 and her bankruptcy should be dismissed with prejudice.

11. The term "cause" is not defined by the Bankruptcy Code, but Section 1112(b)(4) lists sixteen (16) examples of cause which justify dismissal. The examples set forth in this subsection are meant to be nonexclusive. *See In re Global Shipments, LLC*, 391 B.R. 193, 204–05 (Bankr. S.D. Ga. 2007). In this case, the record supports a finding of cause, at a minimum, under Sections 1112(b)(4)(C) (D) (F) (I) and (N).

**WHEREFORE**, for the foregoing reasons this Court should set an Order To Show Cause Hearing where the Debtor shall appear and show cause as to why this Chapter 11 case should not be dismissed with prejudice for failure to maintain plan payments, failure to file post confirmation operating reports and failure to pay the United States Trustee fees since 2018. Pursuant to 11 U.S.C. §349(b), this Court should restore all parties to their prepetition status. Insofar as the dismissal of a bankruptcy case is concerned, the aim of § 349(b) is to return the parties, as far as practicable, to the financial positions they occupied before the case was filed. *Czyzewski v. Jevic Holding Corp.*, 137 S. Ct. 973, 979, 197 L. Ed. 2d 398 (2017) (noting that dismissal of a [**15] Chapter 11 case "aims to return to the prepetition financial status quo"); S. Rep. No. 95-989, at 49 (1978) ("The basic purpose of [§ 349(b)] is to undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case." (capitalization omitted)), *as reprinted in* 1978 U.S.C.C.A.N. 5787, 5835; *see also HSBC Bank USA v. Blendheim (In re Blendheim)*, 803 F.3d 477, 487 (9th Cir. 2015) (noting that, upon dismissal of a Chapter 13 case, the "debtor loses any benefits promised in exchange for the successful completion of the plan—whether *in personam*, such as discharge, or

*in rem*, such as lien voidance," and further asserting that, in effect, "dismissal returns to the creditor all the property rights he held at the commencement of the Chapter 13 proceeding and renders him free to exercise any nonbankruptcy collection remedies available to him"); 3 Collier on Bankruptcy ¶ 349.01[2], at 349-3 (Richard Levin & Henry J. Sommer eds., 16th ed. 2017). *First Nat'l Bank of Oneida, N.A. v. Brandt* 887 F.3d 1255 *; 2018 U.S. App. LEXIS 10372 **; 65 Bankr. Ct. Dec. 154; 27 Fla. L. Weekly Fed. C 840; 2018 WL 1918247.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been delivered to the Clerk of Court who will file it with the CM/ECF system. I also certify that the foregoing was served on this day by either U.S. Mail or Electronic mail to the parties on the attached service list.

| | |
|---|---|
| Dated: March 7, 2025 | Respectfully submitted,<br><br>*[signature]*<br><br>Christopher Kosachuk<br>*Pro Se Interested Party*<br>854 Pheasant Run Rd.<br>West Chester, PA 19382-8144<br>(305) 490-5700<br>chriskosachuk@gmail.com |

## SERVICE LIST

*Served via CM/ECF/Email*
All Parties of Record

Joel Aresty, Esq.
Attorney of Record for Elizabeth Hazan a/k/a/ Liza Hazan
aresty@mac.com

Raychelle Tasher, Esq.
Attorney of Record for the United States of America on behalf of the Internal Revenue Service
raychelle.Tasher@usdoj.gov

Motion for Order to Show Cause
Case No. 16-10389-RAM

Steven D. Schneiderman, Esq.
Office of the United States Trustee
steven.d.schneiderman@usdoj.gov

Mary Ida Townson
Office of the United States Trustee for Region 21
maryida.townson@usdoj.gov