FILED-USBC, FLS-MIA
'25 APR 10 AM9:26

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

In re

Case No. 16-10389-RAM

LIZA HAZAN a/k/a
ELIZABETH HAZAN

Defaulted Chapter 11

_____/

### CHRIS KOSACHUK'S OMNIBUS RESPONSE IN OPPOSITION TO
### DEBTOR'S MOTIONS [DOC. NOS. 1431, 1433 AND 1434]

Chris Kosachuk ("Kosachuk"), *pro se*, ("Mr. Kosachuk") hereby responds in opposition to

the Motion for Issuance of Writ of Execution [Doc. 1431], Ex-parte Motion for Post Judgment Writ

of Garnishment [Doc. 1433] and Emergency Motion for Entry of Final Judgment [Doc. 1434]. In

opposition, Mr. Kosachuk states:

#### Motion for Issuance of Writ of Execution [Doc. 1431]

1.       On November 7, 2022, the debtor and her attorneys successfully misled Judge

Cristol into entering a $3,800 Final Judgment as a sanction to assist this debtor with selling or

refinancing her only asset, which is her homestead on Fisher Island (the "Fisher Island Property").

2.       This Final Judgment is subject of a Motion for Relief From Final Judgment which

should be granted and is adopted and incorporated by references as if fully re-written herein. To

the extent that the Court grants that Motion for Relief, it also moots out the corresponding Writ of

Execution and Writ of Garnishment.

3.       Undersigned also adopts and incorporates by references NLG's Motion for Order

to Show Cause Why This Bankruptcy Should Not Be Dismissed With Prejudice and NLG Restored

to Its Petition Day Creditor Status [Doc. 1448] because it details out this debtor's numerous

defaults of her confirmed plan and other misconduct.

4.      Debtor Hazan loses the benefits of her confirmed plan when she defaults and the Court dismisses the case, which is the correct outcome here. Thus, insofar the dismissal of a bankruptcy case is concerned, the aim of § 349(b) is to return the parties, as far as practicable, to the financial positions they occupied before the case was filed. *Czyzewski v. Jevic Holding Corp.*, 137 S. Ct. 973, 979, 197 L. Ed. 2d 398 (2017) (noting that dismissal of a [**15] Chapter 11 case "aims to return to the prepetition financial status quo"); S. Rep. No. 95-989, at 49 (1978) ("The basic purpose of [§ 349(b)] is to undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case." (capitalization omitted)), *as reprinted in* 1978 U.S.C.C.A.N. 5787, 5835; *see also HSBC Bank USA v. Blendheim (In re Blendheim)*, 803 F.3d 477, 487 (9th Cir. 2015).

5.      Debtor Hazan is no longer entitled to the benefit of this Final Judgment and thus no longer entitled to a Writ of Execution or a Writ of Garnishment.

6.      Additionally, the Writ of Execution is erroneous because it includes $420.67 in costs without any justification. There were no costs incurred.

7.      In the event the Court decides to enforce the $3,800 Final Judgment, undersigned asks that the satisfaction payment be deducted from the cash bond already posted in the registry in the case of *In Re Selective Advisor Group, LLC* Case No. 19-14602-RAM, which was previously awarded to undersigned pursuant to the Court's Order in that case [Docs. 202 and 204].

8.      The Court should hold that satisfaction payment pending adjudication of undersigned's motion for proceedings supplementary in the case of *Christopher Kosachuk v. 9197-5904 Quebec, Inc.* Case No. 15-101-LMI [Doc. 12], where debtor Hazan may become a judgment debtor pursuant to undersigned's $1.2 million FitzSimon Judgment against her ex-husband's

company 9197-5904 Quebec, Inc. If granted, then the $3,800 would be release to undersigned as partial satisfaction of the FitzSimon Judgment.

### Ex-parte Motion for Post Judgment Writ of Garnishment [Doc. 1434]

9.      As an initial matter, Attorney Joel Aresty, failed to sign the Motion. While the Motion may have been electronically filed, it still must be signed pursuant to Rule 9011. A simple review of the pleading reveals that there is no signature attached to the Motion and thus should have been rejected by the clerk and must be reject by this Court.

10.     Mr. Aresty knows that pleadings must be signed because he did sign with an original wet signature the Motion for Writ of Execution. [*See* Doc. 1431 p. 1].

11.     In the event the Court decides to enforce the $3,800 Final Judgment, undersigned asks that the satisfaction payment be deducted from the cash bond already posted in the registry in the case of *In Re Selective Advisor Group, LLC* Case No. 19-14602-RAM, which was previously awarded to him pursuant to the Court's Order in that case [Docs. 202 and 204]. Thus, satisfying the Writ of Garnishment in full.

12.     Undersigned asks this Court to determine the proper recipient of the satisfaction payment because several creditors would have a claim to the money and undersigned does not want to participate in this debtor defrauding her creditors.

### Emergency Motion for Entry of Final Judgment [Doc. 1434]

13.     As an initial matter, Attorney Joel Aresty, failed to sign the motion. While the Motion may have been filed electronically, it still must be signed pursuant to Rule 9011. A simple review of the pleading reveals that there is no signature attached to the Motion and thus should have been rejected by the clerk and must be reject by this Court.

14.     Mr. Aresty knows that pleadings must be signed because he did sign with an original wet signature the Motion for Writ of Execution [*See* Doc. 1431 p. 1].

15.     This Debtor has the temerity to motion this court for a $90,600 based on absolutely nothing in a defaulted confirmed plan where the Debtor has not made confirmed plan payments since 2018, has failed to file any post confirmation operating reports and failed to pay the United States Trustee its fees. The Court must not condone this conduct.

16.     There is no basis in fact or law for the court to award this debtor $90,600 and the Motion is also devoid of any basis for the entry of such a judgment.

17.     This Court lacks in personam jurisdiction over undersigned in this contested matter because the Motion was never served in accordance Bankruptcy Rule 7004 which requires service via first-class mail.

18.     The Motion failed to contain the required consent pursuant to Bankruptcy Rule 7008 to enter final judgment and undersigned does not consent to entry of a final judgment by the bankruptcy court.

## CONCLUSION

The Debtor has clearly gamed this Court since the filing of the bankruptcy petition on January 12, 2016. This Court must end this abuse of the bankruptcy court and make certain that this debtor can never abuse the bankruptcy code or other courts again in such an egregious and bad faith manner. Rewarding this Debtor with another windfall from this final judgment would be a grave miscarriage of justice.

**WHEREFORE**, for the foregoing reasons, the Court should deny any relief to this Debtor, and strike the Final Judgment [Doc. 1354], the Writ of Execution [Doc. 1432] and the Writ of Garnishment [Doc. 1434].

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of April 2025, a true and correct copy of the foregoing Motion was delivered to the Clerk of Court who will electronically file it with the Court's CM/ECF system, which will electronically serve a copy of the foregoing document on all parties of record. I also certify that the foregoing was served on this day by either U.S. Mail or Electronic mail to the parties on the attached service list

Respectfully submitted,

Chris Kosachuk
*Pro Se Respondent*
854 Pheasant Run Rd.
West Chester, PA 19382-8144
(305) 490-5700
chriskosachuk@gmail.com

*Served via CM/ECF/Email*
All Parties of Record